NOAH M. GEDIMAN, administrator, *vs.* ALICE P. CAMERON & others.

Barnstable.    April 5, 12, 1940. — May 28, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Husband and Wife.*

An order for payments in a criminal proceeding under G. L. (Ter. Ed.) c. 273, §§ 1–10, is not enforceable in civil proceedings against the defendant therein or his estate.

The civil remedies for support of wife or child provided by the pertinent provisions of G. L. (Ter. Ed.) cc. 208, 209, are exclusive; aside therefrom a wife has no cause of action against her husband, in contract or otherwise, for support of herself or her children, either before or after a divorce.

A wife has no claim for support of herself or her child in the nature of a common law cause of action against the estate of her deceased husband or former husband which she can reduce to judgment for the first time after his decease.

PETITION, filed in the Probate Court for the county of Barnstable on December 28, 1938, and afterwards amended, seeking adjudication of the validity of a claim of the respondent Alice P. Cameron against the estate of William J. Cameron.

The case was heard by *Campbell,* J., and the claim was adjudged not a valid claim against the estate.

*W. P. Perry, Jr.,* for the respondent Alice P. Cameron.

*J. P. Sylvia, Jr.,* for the respondents Margaret Cameron and others.

QUA, J. The appellant, Alice P. Cameron, married William J. Cameron in 1911. They lived together in this Commonwealth until sometime in 1912. A daughter was born to them in that year. On November 19, 1912, William J. Cameron was found guilty of nonsupport of the appellant under St. 1911, c. 456 (see now G. L. [Ter. Ed.] c. 273, §§ 1–10), was ordered to make weekly payments for the use of the appellant and her child, and was placed on probation for one year. He paid during that year. Thereafter, when the appellant filed a new complaint against him, he could not be found. In 1923 the appellant obtained, without personal service, a divorce for desertion and nonsupport. After her husband left her the appellant worked, and we assume that she supported herself and her child. William J. Cameron died in 1937 in Seattle, Washington, where he had lived since 1924, leaving as part of his estate an interest in a trust fund under the will of his father, late of Falmouth in this Commonwealth.

The appellant has made claim against the estate of her former husband for (1) arrears alleged to be due to her on the order for payments made in 1912 on the criminal complaint and (2) a fair and reasonable amount for the past support of herself and child both before and after her divorce. The administrator of the husband's estate brings this petition in substance to obtain an order of the court defining his duty with respect to these claims.

A proceeding for desertion or for nonsupport under what is now G. L. (Ter. Ed.) c. 273, §§ 1–10, is a criminal prosecution of the defendant by the Commonwealth. An order

for payments made in such a proceeding is not the equivalent of a personal judgment obtained by the wife against the husband which she can enforce against him or his estate, either before or after his death, by civil proceedings. *Silva* v. *Silva,* 297 Mass. 217. Compare *McIlroy* v. *McIlroy,* 208 Mass. 458, 464. The only sanction for the enforcement of such an order is to be found in the criminal sentence for which the statute provides. Other objections to the appellant's claim on this point need not be considered.

The rights of a wife to recover a personal judgment against her husband for support of herself or child are governed by the provisions of what is now G. L. (Ter. Ed.) c. 209, §§ 32–34, providing for a petition for separate support to be brought by her against him in the Probate Court, or, where a libel for divorce has been filed, by G. L. (Ter. Ed.) c. 208, §§ 17, 19, 20, 28, 29, 34, 35, 36, 37. See also as to children G. L. (Ter. Ed.) c. 209, § 37. These statutes, with predecessor statutes long in force, have for many years constituted a complete statutory system, intended to cover the field of civil liability for maintenance between husband and wife. They should therefore be construed as exclusive of all other remedies. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 356, 357. So far as we are aware they have always hitherto been so regarded. Aside from statute, the wife has no cause of action against her husband, in contract or otherwise, for support of herself or her children, either before or after a divorce. There is in this Commonwealth no nonstatutory right to sue for alimony or support. *Shannon* v. *Shannon,* 2 Gray, 285. *Adams* v. *Adams,* 100 Mass. 365. *Page* v. *Page,* 189 Mass. 85, 87. *Parker* v. *Parker,* 211 Mass. 139, 141. *Weidman* v. *Weidman,* 274 Mass. 118, 123. *Brow* v. *Brightman,* 136 Mass. 187. *Stone* v. *Duffy,* 219 Mass. 178, 181. See *Allen* v. *Allen,* 100 Mass. 373; *Bigelow* v. *Bigelow,* 120 Mass. 320; *Bucknam* v. *Bucknam,* 176 Mass. 229; *Malden Hospital* v. *Murdock,* 218 Mass. 73, 75; *DeFerrari* v. *DeFerrari,* 220 Mass. 38, 40, 41; *Creeley* v. *Creeley,* 258 Mass. 460, 463; *Schmidt* v. *Schmidt,* 280 Mass. 216, 219. Cases in some other States with a different statutory background are not applicable here.

All of these statutes contemplate proceedings in the manner provided in them between living parties and the making of orders to operate prospectively in accordance with the existing financial condition of the parties, but subject to change if conditions change. These statutes do not justify orders or judgments made after the death of a necessary party, operating retroactively, and entered in a form of proceeding not authorized in the statutes themselves. See *Knapp* v. *Knapp,* 134 Mass. 353, 355, 356; *Southard* v. *Southard,* 262 Mass. 278, 280; *Farrington* v. *Boston Safe Deposit & Trust Co.* 280 Mass. 121, 124.

It necessarily results from the manner in which the relations between husband and wife or between persons formerly married to each other are dealt with and regulated by our statutes that a wife has no claim for support of herself or her child in the nature of a common law cause of action against the estate of her deceased husband or former husband which she can reduce to judgment for the first time after his decease.

*Decree affirmed.*