DENIGE COLLINS *vs.* LEON J. CROTEAU & another.

Worcester.    September 23, 1947. — January 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Agency*, Scope of authority or employment, Agent's liability to third person, Principal's liability to third person. *Husband and Wife. Tenants by the Entirety. Real Property*, Tenancy by the entirety. *Negligence*, Invited person, Contributory. *Practice, Civil*, Parties.

A wife during her husband's life cannot exercise in her own right control of real estate owned by them as tenants by the entirety.

The scope of the authority of a wife as agent of her husband to supervise the cleaning of the apartments in an apartment building and to let apartments and collect the rents did not include inviting a cleaning woman to come upon those premises to meet the wife for the purpose of going with her to do work on other property.

Evidence warranted a finding that a wife had authority as agent of her husband to hire a woman to do housework for part of a day at the home of the husband and wife, and, as an incident of that hiring, to invite the woman to meet her on other premises.

An agent acting within the scope of his authority in inviting another to use as a business visitor a walk on certain premises owed a duty to the visitor to see that the walk was reasonably safe for his use or to warn him of defects in the walk which were not reasonably obvious to him and of which the agent knew or ought to have known; and a breach of that duty would be basis for liability of both the agent and his principal to the visitor.

Evidence of the circumstances in which a woman, invited to use a walk on certain premises, stepped into a hole or rut and fell in the daytime did not require a ruling that she was guilty of contributory negligence.

Under G. L. (Ter. Ed.) c. 231, § 4A, inserted by St. 1943, c. 350, § 1, one injured through negligence of an agent not participated in personally by the principal may join both as defendants in a single action to recover for such injury.

TORT.    Writ in the Central District Court of Worcester dated November 29, 1944.

Upon removal to the Superior Court, the action was tried before *Donnelly*, J.

*F. D. Casey*, for the plaintiff.

*M. J. Rubin*, (*J. C. McDonald* with him,) for the defendants.

RONAN, J. The defendants owned, as tenants by the entirety, certain premises on Aldrich Place in Worcester, upon which was an apartment building having a basement, the entrance to which was reached from a walk which led to the street. The plaintiff, who was engaged in doing general housework, while travelling along this walk on October 6, 1944, in order to keep an appointment with the female defendant for the purpose of going with the latter to the home of both defendants to do some housework, stepped into one of the holes or ruts which had existed for months and fell, breaking her leg. She brought a single action against the husband and the wife, and the judge subject to her exception directed a verdict for the defendants.

The defendant husband, as tenant by the entirety, was entitled to the exclusive possession and control of the premises and to the rents and profits. He had many of the usual incidents of ownership which the wife could not exercise during his lifetime. Indeed, the usufruct of the property was his alone. The respective rights of the husband and the wife in property which they own as tenants by the entirety have been fully discussed in recent opinions of this court, and what was there said need not be repeated. *Licker* v. *Gluskin*, 265 Mass. 403. *MacNeil* v. *MacNeil*, 312 Mass. 183. *Pineo* v. *White*, 320 Mass. 487. It is stated in the bill of exceptions that the defendants owned and were in control of the property. The defendant wife, however, was not entitled to exercise such control, in her own right, merely because she was a tenant by the entirety, and the acquisition of the right to control with her husband must have resulted from some arrangement with him by which he delegated to her authority to exercise control of the premises in his behalf. He could appoint her his agent to care for and have supervision of the property. *Smith* v. *Smith*, 313 Mass. 687. *Cobuzzi* v. *Parks*, 315 Mass. 199. *Gordon* v. *O'Brien*, 320 Mass. 739. The wife in exercising control was acting as his agent. There was evidence that she had charge of cleaning the apartments in the Aldrich Place property, hereinafter called the apartment property, and at times had women, including the plaintiff, assist her

in this work. She also let apartments and collected the rents. The visit of the plaintiff had nothing to do with the apartment property. We agree with the defendants that the plaintiff has not shown that the defendant wife, as agent of her husband in the care and control of the apartment property, had by virtue of such agency authority to extend in behalf of her husband an invitation to the plaintiff to come upon the property for the purpose of meeting the defendant wife concerning a matter having no connection with this property. *Norris* v. *Hugh Nawn Contracting Co.* 206 Mass. 58. *Wojcik* v. *Cadillac Berkshire Co.* 256 Mass. 317. *Marston* v. *Boston Publishing Co.* 271 Mass. 307. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226. *Kowalczyk* v. *Murphy,* 295 Mass. 551. *Colbert* v. *Ricker,* 314 Mass. 138. *Little* v. *Levison,* 316 Mass. 159.

There was, however, evidence of the existence of another agency upon the part of the wife, separate from and independent of the agency just mentioned. She lived with her husband in Shrewsbury. It was to the home of the defendants to help Mrs. Croteau with the dusting and cleaning that the plaintiff intended to go with Mrs. Croteau after she met the latter for this purpose upon the apartment property. The plaintiff had done work for Mrs. Croteau before the accident, was familiar with her home, and had been paid by Mrs. Croteau for her work. The testimony of Mr. Croteau, that he knew that the plaintiff had done housework for his wife, might have been considered by the jury as referring to work performed not only at the apartment property but also at his home, or it might have been understood as referring to the apartment property alone. Mr. Croteau was a practising attorney. It would not be unreasonable to assume that his wife, in accordance with the common practice where a married woman lives with her husband in their own home, had charge of his household and had the authority usually possessed by the wife to supply the home with food and other ordinarily necessary household articles, and to secure domestic services to aid her in maintaining the home in a suitable and proper condition for occupancy consistent with the station in life of the

parties. It could be found that Mrs. Croteau had authority to hire the plaintiff — in this instance for only a part of a day — to do housework at the home of the defendants. *Alley* v. *Winn*, 134 Mass. 77, 79. *Vaughan* v. *Mansfield*, 229 Mass. 352, 356. *Jordan Marsh Co.* v. *Hedtler*, 238 Mass. 43, 45. *Groce* v. *First National Stores Inc.* 268 Mass. 210, 213. Mechem, Agency (2d ed.) § 162. If Mrs. Croteau had authority in behalf of her husband to hire the plaintiff, the fixing of a meeting place with the plaintiff could be found to be a mere detail, incidental to carrying out her duties as agent for him. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176. *Lord* v. *Lowell Institution for Savings*, 304 Mass. 212. *Sokoloski* v. *Splann*, 311 Mass. 203. *Dennehy* v. *Jordan Marsh Co.* 321 Mass. 78. *Peay* v. *Reidy*, 321 Mass. 455.

Negligence of the wife while acting as agent of her husband in securing domestic services for the upkeep of their home presented an issue of fact. The invitation to the plaintiff to meet Mrs. Croteau in the basement of the apartment property involved the use of the passageway which led to the basement. It was the duty of Mrs. Croteau, who extended this invitation, to see that this way was reasonably safe for the use of the plaintiff, or at least to warn her of dangers which the plaintiff in the exercise of reasonable care might not discover and of which Mrs. Croteau knew or ought to have known. *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341. *Powers* v. *Old Colony Street Railway*, 201 Mass. 66. *Kelley* v. *W. D. Quimby & Co. Inc.* 227 Mass. 93. *Rouillard* v. *Canadian Klondike Club, Inc.* 316 Mass. 11. *Staples* v. *Pond Club, Inc.* 319 Mass. 238.

Contributory negligence of the plaintiff was an affirmative defence to be pleaded and proved by the defendants. The accident happened at 10:30 A.M. There was evidence that the plaintiff was not familiar with the way, and that she could see the passageway "but it isn't very bright." It could be found that she was walking in the ordinary manner and was looking straight ahead. It could not be ruled that she was guilty of contributory negligence. The issue presented a question of fact to be determined by the jury.

*Mitchell* v. *Springfield*, 261 Mass. 188. *Mello* v. *Peabody*, 305 Mass. 373. *Reagan* v. *Belmont*, 316 Mass. 467. *Hayes* v. *Boston Fish Market Corp.* 319 Mass. 556. *Esau* v. *Trustees of New York, New Haven & Hartford Railroad*, 321 Mass. 330.

The declaration contained a single count alleging that the defendants were joint tortfeasors. It was undisputed that the defendant husband did not personally invite the plaintiff to enter upon the apartment property. It was conceded, however, by the defendants that, if the plaintiff was injured upon this property, she was lawfully there. The male defendant did not direct his wife to invite the plaintiff, and he is not shown to have ratified the action of his wife in extending an invitation to her. He did not coöperate with her in the commission of any wrong to the plaintiff. Liability could be fastened upon him by proof of negligence upon the part of his wife while acting as his agent. In directing verdicts for the defendants, the judge undoubtedly had in mind the rule of practice prohibiting the joinder of the principal and his agent in a single action to recover damages caused by the negligence of the agent where the principal did not participate in the negligent act of the agent. *Parsons* v. *Winchell*, 5 Cush. 592. *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487. *Popkin* v. *Goldman*, 266 Mass. 531. *Gordon* v. *Cross & Roberts, Inc.* 287 Mass. 362.[1] The joinder of the principal and the agent is no longer an adequate cause for the dismissal of the action. General Laws (Ter. Ed.) c. 231, § 4A, inserted by St. 1943, c. 350, § 1, and in force before this action was brought, provides in so far as material that "Two or more persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alterna-

---

[1] By the great weight of authority the joining of the principal and the agent in a single action has long been permissible in other jurisdictions. Mechem, Agency (2d ed.) § 2011. 98 A. L. R. 1057. 2 Am. Jur., Agency, § 437. The general rule permitting the joinder has been followed in this Commonwealth in actions of trespass for an assault. *Moore* v. *Fitchburg Railroad*, 4 Gray, 465; *Hewett* v. *Swift*, 3 Allen, 420; *Holmes* v. *Wakefield*, 12 Allen, 580, and also in actions on the case for negligence where the principal is shown to have directed or participated in the negligent act of the agent. *Banfield* v. *Whipple*, 10 Allen, 27. *Hawkesworth* v. *Thompson*, 98 Mass. 77. *Gavin* v. *Kluge*, 275 Mass. 372.

tive, any right to recover in respect of or arising out of the same matter, transaction, occurrence, or series of matters, transactions, or occurrences. . . . The claims of plaintiffs may be set forth in one count, or in several counts, as clarity in the statement and consideration of the action may require.  Judgment may be given . . . against one or more of the defendants according to their respective liabilities, and the court may issue one or more executions and make such order relative to costs as may be necessary and proper. Misjoinder of parties shall not be ground for the dismissal of the action. . . . Any claim against a party may be severed and proceeded with separately."  This statute was applied in *Thorneal* v. *Cape Pond Ice Co.* 321 Mass. 528, and *Repucci* v. *Exchange Realty Co.* 321 Mass. 571.  The plaintiff by virtue of this statute [1] was entitled to go to the jury against both defendants, and there was error in directing verdicts for the defendants.

*Exceptions sustained.*

---

[1] The statute has not been changed in so far as now material by St. 1947, c. 408.