EARL R. WHITE *vs.* MILDRED N. WHITE & others.

Bristol.　December 5, 1947. — March 3, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Equity Jurisdiction,* Husband and wife. *Superior Court,* Jurisdiction. *Husband and Wife. Marriage and Divorce,* Equitable causes of action.

Determination of the rights of husband and wife in property held by them jointly is a matter cognizable under the general equity jurisdiction.

The jurisdiction in equity of causes arising between husband and wife conferred upon the Probate Courts by G. L. (Ter. Ed.) c. 208, § 33, as appearing in St. 1936, c. 221, § 1, is not exercised until the filing in the original divorce or separate maintenance proceeding of a separate petition setting forth a cause of action in equity which thereafter pursues a separate course to a separate conclusion of its own in accordance with the usual course of practice in equity proceedings.

The mere pendency in a Probate Court of a divorce proceeding brought by a husband and of a separate maintenance proceeding brought by his wife, where no proceeding in equity between them under G. L. (Ter. Ed.) c. 208, § 33, as appearing in St. 1936, c. 221, § 1, was pending in that court, did not deprive the Superior Court of jurisdiction to entertain a suit in equity by the husband against the wife for a determination of their rights in certain property held jointly by them.

BILL IN EQUITY, filed in the Superior Court on March 19, 1947.

A plea was heard by *Williams*, J.

*E. M. Dangel*, (*L. E. Sherry, G. M. Herlihy, & C. A. George* with him,) for the defendants Mildred N. White and another.

*R. L. Lurie*, (*C. Sallet* with him,) for the plaintiff.

DOLAN, J. This bill in equity comes before us on the report of the judge of the Superior Court of his action in overruling the plea to the jurisdiction of the defendants Mildred N. White, wife of the plaintiff, and Mary Brownell, her mother. The other defendants are the First National Bank of Attleboro and the Manufacturers National Bank of North Attleboro.

The report of the judge is substantially as follows: "The above entitled cause came on for hearing before me on the bill of complaint and the plea of the defendants, Mildred N. White and Mary Brownell to the jurisdiction of this court. On March 18, 1947, the bill of complaint was presented to the court and was entered in this court on March 19, 1947, alleging that the plaintiff and the defendant, Mildred N. White, were married on December 21, 1921. . . . On September 12, 1944, the present plaintiff filed a libel for divorce against the defendant, Mildred N. White in the Probate Court for the county of Bristol, which libel is still pending. The plaintiff seeks to have established his ownership in certain property held jointly by him and his wife, Mildred N. White, and because of such ownership, to have the defendant Mildred N. White account to the plaintiff for all moneys, investments, and purchases made by her from proceeds of said joint property.[1] On April 17, 1947,

---

[1] By the bill the plaintiff also seeks as to all the defendants certain temporary restraining orders in the nature of equitable attachments.

the said defendants . . . were allowed to file a plea . . . [to the] jurisdiction because of the . . . [pendency of] a libel for divorce [which] was filed by the present plaintiff [in the Probate Court for the county of Bristol] against the defendant Mildred N. White . . . and because of the pendency of a petition for separate support and maintenance filed by the defendant Mildred N. White against the present plaintiff. The following [is the] plea . . . to the jurisdiction . . .: 'The defendants Mildred N. White and Mary Brownell, reserving their right to file answers in accordance with the leave of court granted them under Rule 28, appearing specially for the sole purpose of presenting this plea, and without submitting to the jurisdiction of the court, say that: 1. On September 12, 1944, the plaintiff filed a libel for divorce against the defendant Mildred N. White in the Probate Court for the county of Bristol, which libel is still pending and numbered D.10646 on the docket of said court, certified copy of which docket is hereto annexed. 2. On December 15, 1944, the custody of the two minor children of the plaintiff and the defendant Mildred N. White was decreed to her by said court pendente lite, which decree is now in full force and effect. 3. On said December 15, 1944, as part of said decree, the plaintiff was ordered to pay to the defendant Mildred N. White the sum of forty dollars forthwith "and the further sum of forty dollars in each and every week thereafter for her support and that of the minor children, until the further order of the court . . .." 4. On or about June 10, 1946, the defendant Mildred N. White filed a petition for separate support against the plaintiff, which petition is now pending, and numbered 91988 on the docket of said Probate Court. 5. On or about March 18, 1947, the present bill in equity was entered in this court after the said Probate Court had acquired exclusive jurisdiction of the parties and the subject matter, which jurisdiction it still retains for all purposes by virtue of G. L. (Ter. Ed.) c. 208, § 33; c. 209, §§ 32–33, all as amended by St. 1936, c. 221. 6. The said Probate Court has the power to grant all the equitable relief asked for in the present bill. . . .. Wherefore the defendants pray that

this bill be dismissed for lack of jurisdiction and that they be awarded costs.' The plea was heard solely upon argument of counsel, the facts alleged in paragraphs one to four inclusive in the plea having been admitted to be true. On April 17, 1947, the court made the following order on the plea to the jurisdiction: 'The facts stated in the plea, paragraphs 1, 2, 3 and 4, are admitted to be true. After hearing, the plea is overruled as matter of law. The decision of the court on the plea is reserved for report to the Supreme Judicial Court and all further proceedings herein are ordered stayed.' Thereafter, on said date an interlocutory decree was entered [overruling the plea]. The defendant[s] seasonably excepted to the order of the court overruling the plea."

General Laws (Ter. Ed.) c. 208, § 33, as appearing in St. 1936, c. 221, § 1, provides as follows: "The court may, if the course of proceeding is not specially prescribed, hear and determine all matters coming within the purview of this chapter according to the course of proceedings in ecclesiastical courts or in courts of equity, and may issue process of attachment and execution and all other proper and necessary processes. In such proceedings the court shall have jurisdiction in equity of all causes cognizable under the general principles of equity jurisprudence, arising between husband and wife, such jurisdiction to be exercised in accordance with the usual course of practice in equity proceedings." The last sentence of the section, with which we are particularly concerned here, was added by St. 1936, c. 221, § 1, and was construed in the case of *MacLennan* v. *MacLennan*, 311 Mass. 709. In that case it was pointed out in substance that the statute as amended did not transform a libel for divorce, a proceeding at law (see *Watts* v. *Watts*, 312 Mass. 442, 445–449, and cases cited), into a proceeding in equity, but simply conferred upon "the court" which hears a matter coming within the purview of c. 208 or one relating to separate support (see c. 209, § 32, as amended) jurisdiction of all causes cognizable under the general principles of equity jurisprudence between husband and wife, but that nevertheless that jurisdiction is to be

exercised by the filing in the original divorce or separate
support proceeding of a bill or petition setting forth the
cause of action in equity which "pursues a separate path
to a separate end of its own 'in accordance with the usual
course of practice in equity proceedings'" (page 711). The
reasons underlying the enactment of the amendment in
question to § 33 are fully stated in the *MacLennan* case.
They need not be repeated here.

Suits in equity between husband and wife concerning the
title to property form a long established head of equity
jurisdiction, *Frankel* v. *Frankel*, 173 Mass. 214, 215, and
cases cited; *Patterson* v. *Patterson*, 197 Mass. 112; *MacLennan*
v. *MacLennan*, 311 Mass. 709, 712; *Matek* v. *Matek*,
318 Mass. 677, 679; *Yurkanis* v. *Yurkanis*, 321 Mass.
375, 380, within the concurrent jurisdiction of the Supreme
Judicial and the Superior Courts, as a subject cognizable
under the general principles of equity jurisdiction. G. L.
(Ter. Ed.) c. 214, § 1. See Pomeroy, Equity Jurisprudence,
§§ 1098, 1106. By the statute under consideration a con-
current jurisdiction of that subject matter was conferred
upon the Probate Courts in divorce and separate support
proceedings, a jurisdiction not previously conferred upon
the Probate Courts, which have jurisdiction only of such
matters cognizable under the general principles of equity
jurisprudence as may be specifically conferred upon them by
statute. See G. L. (Ter. Ed.) c. 215, § 6, as amended.

It is settled that where "different courts of the same
sovereign power have concurrent jurisdiction of the same
causes, the one whose jurisdiction is first duly invoked has
authority paramount over other courts. It acquires exclusive
jurisdiction over the subject and so long as the proceeding
is pending before it no action can be taken by any other
court." *Old Colony Trust Co.* v. *Segal*, 280 Mass. 212, 214–
215, and cases cited.

In the present case, however, the causes described in the
present bill had not been put in litigation in the proceedings
pending in the Probate Court by any form of petition in
equity concerning the same. The mere filing of the libel
for divorce and of the petition for separate support in the

Probate Court did not confer upon that court exclusive jurisdiction in equity of the causes presented in the present bill in equity, of which the Superior Court has jurisdiction under the established head of equity jurisdiction.

The interlocutory decree entered by the judge overruling the plea to the jurisdiction is

*Affirmed.*