MARGUERITE L. DUNNINGTON vs. CHARLES B.
DUNNINGTON.

Plymouth.    March 9, 1949. — September 22, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Husband and Wife*, Separate support.

A Probate Court was without authority in a proceeding by a wife against
her husband for separate support under G. L. (Ter. Ed.) c. 209, §§ 32–
37, to order that he convey to her, as security for his compliance with
orders for support made in that proceeding, his interest in real estate
owned by the parties as tenants by the entirety.

PETITION, filed in the Probate Court for the county of
Plymouth on October 4, 1945.

The case was heard by *Davis*, J.

*D. Greer*, for the respondent.

*E. G. Townes*, (*E. G. Townes, Jr.*, with him,) for the
petitioner.

WILLIAMS, J.    A decree was entered in the Probate
Court on March 27, 1947, on the petition of Marguerite L.
Dunnington for separate support under G. L. (Ter. Ed.)
c. 209, § 32, as amended, adjudging that she was living
apart from her husband, the respondent Charles B. Dun-
nington, for justifiable cause, and ordering him to pay
$75 per week for her support and that of their two minor
children, of whom she was given custody.    The decree fur-
ther provided that she should pay the taxes and mortgage
interest on and keep in reasonable repair a duplex house
located at 377 Pleasant Street in the city of Brockton and
owned by the parties as tenants by the entirety.    There
was no appeal from this decree.    On January 8, 1948, a
petition for modification of this decree was filed by Dun-
nington, and on February 16, 1948, a petition was filed by
Mrs. Dunnington praying that her husband be adjudged in

contempt for failure to comply with the order for the weekly payments. A hearing on these two petitions was held on July 2, 1948, before the judge who had previously heard the parties and had entered the decree of March 27, 1947. He found that Dunnington was in arrears in his payments to his wife in the sum of $450 and stated in his findings that, since counsel for Dunnington had reported in open court that such arrearage would be paid, "No adjudication was made on the petition for contempt but in due course would be dismissed, and the respondent purged of contempt and discharged upon compliance with the decree entered upon the modification petition."

There is before us an appeal by Dunnington from the decree on his petition for modification which provided that "Charles B. Dunnington convey to Marguerite L. Dunnington all his right, title and interest in and to" the Pleasant Street property, "or her nominee, . . . to secure to the said Marguerite L. Dunnington such order or orders for her support, and for the support of her minor children as having been entered in this court. And also to pay, within thirty days from the date hereof, the sum of one hundred ($100) dollars. And that upon such conveyance, and after said payment, the decree of this court, entered March 27, 1947, is modified in that the weekly payment to be made to the said Marguerite L. Dunnington, is reduced from seventy-five ($75) dollars to sixty-five ($65) dollars per week. The said Marguerite L. Dunnington is to pay the taxes assessed by the city of Brockton for the year 1947 and such taxes as may be now or hereafter assessed on said premises." The evidence presented at both hearings is reported and the judge has made findings of material facts.

It is the contention of the appellant that the provision in the decree ordering him to convey to his wife his interest in the Pleasant Street property to secure to her his compliance with the orders for her support and for the support of the children exceeds the authority vested in the Probate Court by G. L. (Ter. Ed.) c. 209, § 32, as amended, to make orders relative to the support of a wife who is liv-

ing apart from her husband for justifiable cause and the care, custody and maintenance of their minor children. If no libel for divorce has been filed, that section of the statute, with the following §§ 33, 34 and 37, covers the field of civil liability for maintenance between husband and wife. *Gediman* v. *Cameron*, 306 Mass. 138, 140. Proceedings "under . . . [§ 32] are designed to secure the temporary support of a wife . . .. A decree . . . does not create a judicial separation, nor establish a permanent status for the future." *Doole* v. *Doole*, 144 Mass. 278, 279–280. *Barney* v. *Tourtellotte*, 138 Mass. 106. The allowance to the wife is in recognition of her legal right to be supported by her husband and ordinarily is made payable in stated amounts and at regular intervals or as is said in *Smith* v. *Smith*, 184 Mass. 394, 397, "from time to time." The court may not order the payment of a sum in gross to provide for all future support of the wife, *Doole* v. *Doole*, 144 Mass. 278; *Smith* v. *Smith*, *supra*, nor provide for a division of their properties or of the property of the husband. *Coe* v. *Coe*, 313 Mass. 232. While in general the principles governing the award of alimony upon a libel for divorce are to be followed in administering the separate support statute, *Williamson* v. *Williamson*, 246 Mass. 270, 272; *Coe* v. *Coe*, 313 Mass. 232, 235, the powers granted to the court under G. L. (Ter. Ed.) c. 208, pertaining to libels for divorce, are somewhat broader than those granted by G. L. (Ter. Ed.) c. 209, §§ 32–37, in reference to separate support. Although G. L. (Ter. Ed.) c. 208, § 36, provides that in connection with a libel for divorce the court may require sufficient security for the payment of alimony according to its decree, there is no similar provision concerning allowances for separate support in c. 209. By the terms of that chapter security for the payment of such allowances is limited to the right of the wife, under § 33, as appearing in St. 1933, c. 360, to attach the property of the husband. *Maloof* v. *Abdallah*, 218 Mass. 21. After an attachment, executions may be issued until the attached property is exhausted. *Downs* v. *Flanders*, 150 Mass. 92.

We are of opinion that the judge was without authority to order that Dunnington convey to his wife his interest in their jointly owned real estate as security for his compliance with the orders for support. As the error in this order so affects the entire decree that a further hearing in the Probate Court will be advisable, we do not pause to consider the additional contention of the appellant that the amounts of the weekly payments which have been ordered are greater than is just and reasonable.

*Decree reversed.*