BARBARA L. GOULD *vs.* HAROLD GOULD.

Worcester.   January 19, 1971. — March 9, 1971.

Present: TAURO, C.J., CUTTER, SPIEGEL, QUIRICO, & BRAUCHER, JJ.

*Husband and Wife,* Separate support.   *Probate Court,* Counsel fees.
   *Attorney at Law.*

In a proceeding by a wife against her husband for separate support, evi-
   dence reported supported the judge's findings, including findings that
   in recent years "the husband's income has grown tremendously," and
   that "the parties have increased their standard of living in keeping
   with the husband's growing income," and warranted substantial
   monetary provisions of a decree for the support of the wife and a minor
   child of the parties in her custody, notwithstanding the husband's
   contention that such provisions were "excessive." [31]
A Probate Court was without authority in a proceeding by a wife against
   her husband for separate support under G. L. c. 209, § 32, to order the
   sale of the "home place", owned by the parties as tenants by the en-
   tirety, and division of the proceeds; the monetary provisions of the
   decree for the wife's support were entirely adequate without a sale of
   the real estate. [32]
In a proceeding by a wife against her husband for separate support under
   G. L. c. 209, § 32, the decree properly allowed the wife, "for use in her
   new apartment," necessary furniture and furnishings and the like,
   contained in the "home place" owned by the parties as tenants by the
   entirety, plus the radio, television set, stereo and records. [33]
Findings by a judge of the Probate Court supported an award of counsel
   fees in the amount of $6,000 to a wife in her proceeding for separate
   support, which was a substantial reduction of the bill submitted by
   her attorney, and the award was affirmed on the husband's appeal.
   [33]

PETITION for separate support filed in the Probate Court
for the county of Worcester on March 22, 1967.

The case was heard by *Wahlstrom,* J.

*Walter J. Griffin (Macey J. Goldman* with him) for the re-
spondent.

*John P. White, Jr.* for the petitioner.

BRAUCHER, J.   The respondent husband appeals from a
final decree of the Probate Court entered upon his wife's
petition for separate support, filed in March, 1967, under
G. L. c. 209, § 32.   The decree orders the husband to fur-

nish reasonable financial assistance to a minor child of the parties who is a college student, awards custody of their youngest child to the wife, orders payment to the wife of $1,000 forthwith and $2,200 each month for support of the wife and the child in her custody, plus $5,000 forthwith to enable her to purchase an automobile immediately and $300 each month for rent of a suitable apartment, and orders that the husband be responsible for the reasonable medical and dental expenses of the wife and the child in her custody and for school expenses of that child. The decree also orders sale of the "home place" and division of the proceeds in equal shares, allows the wife "for use in her new apartment" certain personal property, all other items to be the property of the husband. The husband also appeals from an order awarding the wife $6,000 for her counsel fees, plus $418 for expenses. The trial judge made a report of material facts, an amplification of the report, and a substitute report. The evidence with respect to the petition for separate support is reported.

According to the judge's report, the husband "did not wish to contest the merits" of the separate support petition; the "real issue . . . concerns the amount of money that the husband should be ordered to pay the wife for the support and maintenance of the wife and their minor son." We relate pertinent portions of the judge's findings. The husband "has an income upwards of $80,000.00 annually and . . . has sufficient assets to pay the amount ordered for the support of his wife and child." He "has been very liberal with his wife from the time he began earning large annual sums. . . . She lived and acted as a wealthy person. . . . However, I find that the wife exaggerates greatly. . . . I find that the wife enjoys spending money and that the husband sanctioned many of her 'out-of-line' expenses.

"I find that up to 1962 the respondent never earned large sums of money but from that year the husband's income has grown tremendously and that today he is called a wealthy man with a net income of about $89,000.00 an-

nually and assets amounting to about one-half million dollars.

"All in all, I find that the parties have increased their standard of living in keeping with the husband's growing income and if the parties are to live apart, she for just cause as admitted by the husband, then he should pay her enough money in the increasingly expensive style in which they have been accustomed to live."

As for the allowance and payment of counsel fees, the judge noted that the parties had been before him on cross-libels for divorce, which they had agreed should be dismissed. He reduced the total bill submitted by the wife's attorneys from $12,302.80 to $6,000. He considered the "importance of the cases, the financial status of the parties, the length of the hearings, the results achieved, the reputation of counsel [and] that the charges are commensurate with charges of other law offices."

1. The husband maintains that "The monetary provisions of the decree for the support of the wife and child were excessive." The principles for determining the amount to be allowed are stated in *Coe* v. *Coe*, 313 Mass. 232, 235–236, and have governed many cases. See, for example, *Jasper* v. *Jasper*, 333 Mass. 223, 227; *Pierce* v. *Pierce*, 349 Mass. 762; *Winer* v. *Winer*, 356 Mass. 733. We have reviewed the evidence and are satisfied that the judge's findings are supported by it. The petitioner is "entitled to a fair and reasonable award considering her needs, his financial worth, their station in life, and their mode of living." *Jasper* v. *Jasper*, *supra*, at 227. In *Sack* v. *Sack*, 328 Mass. 600, 602, where a somewhat similar award was reduced from $2,000 a month to $1,500 a month, the judge had found "that the parties lived at the rate of $30,000 a year." There is no such basis for disturbing the award in the present case.

2. The husband objects to the provisions of the decree ordering sale of the "home place," owned by the parties as tenants by the entirety, division of the proceeds, and division of the personal property, citing *Dunnington* v.

*Dunnington,* 324 Mass. 610, 612.   In that case we held that
the judge was without authority to order the husband to
convey to his wife his interest in real estate owned by them
as tenants by the entirety as security for his compliance
with orders for support in a separate support proceeding
under G. L. c. 209, § 32.

A separate support proceeding is designed to secure the
"temporary support" of a wife;  the decree does not create
a judicial separation, nor establish a permanent status for
the future.   "The court may not . . . provide for a divi-
sion of their properties or of the property of the husband.
*Coe* v. *Coe,* 313 Mass. 232.   While in general the principles
governing the award of alimony upon a libel for divorce are
to be followed in administering the separate support statute,
*Williamson* v. *Williamson,* 246 Mass. 270, 272;  *Coe* v. *Coe,*
313 Mass. 232, 235, the powers granted to the court under
G. L. (Ter. Ed.) c. 208, pertaining to libels for divorce, are
somewhat broader than those granted by G. L. (Ter. Ed.)
c. 209, §§ 32–37, in reference to separate support.   Although
G. L. (Ter. Ed.) c. 208, § 36, provides that in connection
with a libel for divorce the court may require sufficient
security for the payment of alimony according to its decree,
there is no similar provision concerning allowances for
separate support in c. 209."   *Dunnington* v. *Dunnington,*
324 Mass. 610, 612.   See *Verdone* v. *Verdone,* 346 Mass.
263, 265.

We think these principles are decisive against the pro-
vision of the decree in this case that the real estate be sold.
It was argued to us that the "home place" here represented
only about ten percent of the husband's net worth, that
there was no general division of properties, but a provision
for a "security blanket," or a "reserve," for the wife.   But
such a reserve seems to us precisely what is forbidden by
the *Dunnington* case, when it is not necessary to the wife's
support.   In this case the provisions for the wife's support
are entirely adequate without the sale of the real estate.
General Laws c. 209, § 32D, inserted by St. 1970, c. 450,
after the decree in this case, recognizes that a decree in a

separate support proceeding may provide for a conveyance of real estate. The new section does not authorize the provision made in this case; it can have full effect in cases where an attachment of real estate is made under G. L. c. 209, § 33.

The provision of the decree that the wife may be allowed "for use in her new apartment" necessary furniture and furnishings and the like, now contained in the home place, plus the radio, television set, stereo and records, stands on a different footing. That provision seems to us properly incidental to the order for support and within the scope of the general equity jurisdiction of causes between husband and wife under G. L. c. 208, § 33, made applicable to separate support proceedings by G. L. c. 209, § 33. See *MacLennan* v. *MacLennan*, 311 Mass. 709. Award of use of such personal property is entirely consistent with the concept of "temporary support." *Dunnington* v. *Dunnington, supra.* Power to make such an award permits a sensible solution to a practical problem, and serves the "broad equitable and humane considerations" and the "principles of fair dealing between husband and wife" which are properly considered in such a proceeding. *Williamson* v. *Williamson*, 246 Mass. 270, 272.

3. As to counsel fees, there is no report of evidence on which the judge acted. His subsidiary findings support his conclusion that $6,000 plus expenses is a satisfactory fee. We are unable to say that the award was unreasonable or excessive as matter of law. See *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 569. We discern no abuse of the discretion vested in the judge below. See *Clifford* v. *Clifford*, 354 Mass. 545, 548.

The order allowing counsel fees and expenses is affirmed. The decree is modified by striking out the provisions for sale of the home place and division of the proceeds; the decree, as so modified, is affirmed. Costs and expenses of appeal are to be awarded in the discretion of the Probate Court.

*So ordered.*