LOUISE L. DIMARZIO *vs.* ORLANDO DIMARZIO.

Plymouth.    March 21, 1974. — April 17, 1974.

Present: ROSE, GOODMAN, & GRANT, JJ.

*Husband and Wife,* Separate Support.    *Probate Court,* Decree.

A division of properties between husband and wife cannot be made on a petition by the wife for separate support under G. L. c. 209, § 32; such a division of real estate is not authorized by § 34D. [177]

A decree of a Probate Court on a petition by a wife for separate support under G. L. c. 290, § 32, which included orders for weekly payments by the husband to the wife and his assumption of her medical and dental expenses, and also orders which would effect a division of properties, in the circumstances was reversed in its entirety by this court, and the case was ordered remanded to the Probate Court for further proceedings. [177-179]

PETITION filed in the Probate Court for the county of Plymouth on July 5, 1967.

The case was heard by *Lawton,* J.

*Richard L. Wainwright* for the petitioner.

*Lillian C. Levine* for the respondent.

GRANT, J. This is an appeal by the wife from a decree entered by a Probate Court on her petition for separate support brought in 1967 under the provisions of G. L. c. 209, § 32, as amended through St. 1938, c. 136.[1] The case is here on the petition, the decree which has been challenged by the wife, and the judge's response to the wife's request under G. L. c. 215, § 11, for a report of the material facts.

It appears from the judge's findings that the parties were married in 1942. The wife spent the ensuing years as a housewife and as the mother of two children of the marriage who have now reached majority. The husband was, and apparently still is, engaged in the building, contracting and landscaping business. That business, which has been his only source of income, has necessitated his acquisition from time to time of various parcels of real estate. The relationship between the parties was one of mutual trust and confidence, and whenever any parcel was acquired by the husband title was taken in the joint names of the parties. The wife from time to time released her interest in particular parcels in order to permit their use in the conduct of the husband's business.

Marital difficulties between the parties first developed in 1960, when the wife filed her first petition for separate support. A reconciliation followed, and the parties continued to live together until 1967, when further difficulties developed and the wife filed the present

---

[1] "If a husband fails, without justifiable cause, to provide suitable support for his wife, or deserts her, or if the wife, for justifiable cause, is actually living apart from her husband . . . the probate court may, upon . . . her petition . . . prohibit the husband . . . from imposing any restraint on . . . [her] personal liberty . . . and, upon the application of the . . . wife . . . the court may make further orders relative to the support of the wife. . . ." The amendment of this section which was effected by St. 1968, c. 370, is not here material.

petition.[2]  Orders for the temporary support of the wife were entered in 1967.  In 1968 and 1969 various additional orders, appearing in the form of memoranda signed by the judge, were entered with respect to the further support of the wife, the sale or other disposition of particular parcels of real estate, the division of the proceeds of sales, and the husband's providing a new, mortgage-free home for the wife.  The proceeds of the sale of at least one parcel of land were held in escrow by counsel pending further negotiations between the parties looking toward the ultimate resolution of various disputes.  Other parcels continued to be held jointly by the parties.  All such orders were entered with the consent of the parties following conferences of counsel with the judge.

On December 18, 1970, the wife filed a motion to dismiss her petition for separate support.  On January 13, 1971, the husband filed a motion that the wife be ordered (1) to convey to him all her right, title and interest in and to eight separate parcels of real estate which were specifically identified in the motion and (2) to release to him all her right, title and interest in and to a particular bank account.  On January 21, 1971, the court "dismissed," i.e., denied, the wife's motion to dismiss her petition.[3]  On June 2, 1971, the court entered (nunc pro tunc as of the previous January 21) the decree from which the wife has appealed under G. L. c. 215, § 9, as unamended.

The first part of the decree requires the husband to make weekly payments to the wife in a stated amount and to assume her reasonable medical and dental expenses.  The second part of the decree requires the husband

---

[2] We need not concern ourselves with the fact that the 1960 petition remains undisposed of on the docket.  The parties and the judge have all proceeded on the basis that the 1967 petition is the viable one.

[3] We do not consider the propriety of that denial because the wife took no appeal from it.  *Coe* v. *Coe*, 313 Mass. 232, 233-234 (1943).

forthwith to establish a trust fund for the benefit of the wife in the principal amount of $25,000, with the income from the trust to be paid to the wife semiannually. The principal of the trust is to go to the survivor of the parties unless the trust should be earlier terminated by a decree of the court entered with the assent of the parties. The wife is ordered to release to the husband her interest in the bank account which is referred to in the husband's motion, and he is to use the proceeds to fund the trust in part. The third part of the decree orders the wife to convey to the husband each of the eight parcels of real estate which are referred to in the husband's motion, including one which is identified in both the motion and the decree as "the premises presently occupied by the petitioner." The decree was not agreed to by the wife.

The only allowance which can be made to the wife on a petition brought under the provisions of G. L. c. 209, § 32, as amended, is for her support, and such a petition cannot serve as the vehicle for a division of the properties of the parties or of the property of the husband. *Coe* v. *Coe,* 313 Mass. 232, 235 (1943). *Dunnington* v. *Dunnington,* 324 Mass. 610, 611-612 (1949). *Verdone* v. *Verdone,* 346 Mass. 263, 265 (1963). *Gould* v. *Gould,* 359 Mass. 29, 31-32 (1971). *Dee* v. *Dee,* 1 Mass. App. Ct. 320, 321-322 (1973). It is the general rule, subject to possible exceptions not found in this case, that if conflicting claims to the ownership of specific property do arise between husband and wife in the course of separate support proceedings, such claims can only be resolved on a separately filed petition in equity brought by one of the parties against the other. *MacLennan* v. *MacLennan,* 311 Mass. 709, 710-712 (1942). *White* v. *White,* 322 Mass. 461, 464-465 (1948).

No such separate petition was filed in this case by either of the parties against the other. The challenged decree does not order the sale of a particular item of personal property or parcel of real estate in order to meet a specific present need of the wife. Nor does it purport

in any way to require the husband to devote the real estate, or the proceeds of the sale of any part thereof, to the liquidation of his obligations under the orders to establish a trust for the wife's benefit, to make periodic payments for her support, and to assume her medical and dental expenses. It would appear from the scanty findings of the judge and from certain of the evidence summarized by him that the bank account and the real estate which are the principal subjects of the decree constitute a substantial, if not the major, portion of the combined assets of the parties. In the circumstances we must conclude that the decree, if allowed to stand, would effect a division of the property of the parties which cannot be accomplished on a petition filed solely under the provisions of G. L. c. 209, § 32, as amended.

The judge purported to base his order for the conveyance of the real estate on the provisions of G. L. c. 209, § 32D, inserted by St. 1970, c. 450. In *Dee* v. *Dee,* 1 Mass. App. Ct. 320, 323-325 (1973), we had occasion to study the legislative history of § 32D and to compare its language with that of cognate provisions of the General Laws designed to implement court orders for the conveyance of real estate. We there concluded that nothing in the provisions of § 32D was intended to enlarge the powers which had previously been granted to a Probate Court under the provisions of G. L. c. 209, § 32 (as amended by St. 1968, c. 370), and which were fully restated in the *Dunnington* case (324 Mass. at 611-612) and the *Gould* case (359 Mass. at 31-32). We adhere to the views expressed and the conclusions reached in the *Dee* case and hold that the order for the conveyance of real estate which was made in this case cannot be supported by anything found in G. L. c. 209, § 32D.[4]

---

[4] We do not reach the question, if there is one, whether § 32D can be applied to a petition for separate support already pending on its effective date.

As we have no means of knowing what orders the court would have made for the wife's support in the absence of the orders made with respect to the establishment of a trust and the conveyance of real estate, we believe it best to set aside the entire decree. We trust that in any future proceedings the judge will, if so requested, make complete findings on all issues, including those relevant to separate support. See, e.g., *Coe* v. *Coe,* 313 Mass. 232, 235-236 (1943).

The decree entered on June 2, 1971, is reversed in its entirety, and the case is remanded to the Probate Court for further proceedings not inconsistent with this opinion. Costs and expenses of this appeal are to be in the discretion of the Probate Court.

*So ordered.*