GEORGE F. PAVLIK *vs.* EDWARD S. DMYTRYCK & another. August 18, 1978. The defendants' motion for summary judgment (Mass.R.Civ.P. 56, 365 Mass. 824 [1974]) was allowed and judgment entered dismissing the plaintiff's complaint brought in the Land Court under G. L. c. 237. Implicit in the allowance of the defendants' motion was the conclusion of the judge, in which we concur, that the plaintiff resorted to the wrong remedy in seeking to establish his claim to ownership and possession, as a tenant by the entirety, of a parcel of land conveyed to the defendants by the plaintiff's wife. Her acquisition of full ownership in the land was based upon a judgment of a Probate Court entered on August 20, 1974, on her petition for separate support which ordered him to convey his interest in the land to her. She then caused a copy of the separate support judgment to be recorded in the Registry of Deeds. See. G. L. c. 209, § 32D, and G. L. c. 183, §§ 43 and 44. In April, 1975, she conveyed the property to the defendants. No appeal was taken by the plaintiff from the judgment entered on the petition for separate support in the Probate Court. The thrust of the plaintiff's claim in the present prceedings is that the Probate Court lacked "jurisdiction" to order the conveyance of his interest in the land and, despite persuasive evidence to the contrary, that he had received no

notice of the separate support proceedings.[1] We do not reach those questions in view of our conclusion that the action in the Land Court was an impermissible collateral attack upon the judgment of the Probate Court. Assuming without deciding that the probate judge, in the circumstances of that case, exceeded his authority in ordering the conveyance of the plaintiff's interest in the land (see *Gould* v. *Gould*, 359 Mass. 29, 32-33 [1971]; *Dee* v. *Dee*, 1 Mass. App. Ct. 320, 323-324 [1973]; *DiMarzio* v. *DiMarzio*, 2 Mass. App. Ct. 174, 177-178 [1974]), nonetheless "in accordance with principles which also form the basis for the familiar doctrine of res judicata the judgment *may*, after it becomes final, be binding upon the parties to the suit although not upon others, and the rights of *parties* may therefore be limited to appeal, writ of error, petition to vacate, or other methods of direct attack" (emphasis in original). *Old Colony Trust Co.* v. *Porter*, 324 Mass. 581, 586 (1949). See also *Dennis* v. *Dennis*, 337 Mass. 1, 4 (1958); *Madden* v. *Madden*, 359 Mass. 356, 361-362, cert. denied, 404 U.S. 854 (1971); Restatement of Judgments §§ 4, 6, 7, 10 & 11 (1942). The right to challenge such a judgment collaterally is limited to strangers to the earlier proceedings whose interests have been affected thereby and does not extend to the parties to those proceedings or to those in privity with them. *Old Colony Trust Co.* v. *Porter, supra* at 587. The plaintiff's remedy here, if any, was by a timely appeal from or other direct challenge to the judgment of the Probate Court.

*Judgment affirmed.*

*Edward M. Mahlowitz* for the plaintiff.
*Stephen Gordet* for the defendants.

---

[1] The docket entries in the separate support proceedings, which were before the Land Court judge, showed, inter alia, that the plaintiff was represented by counsel in those proceedings for more than a year prior to and including the entry of that judgment.