SHARON J. ARNOLD *vs.* RICHARD S. ARNOLD.  July 14, 1983.  *Divorce and Separation*, Order to vacate marital home.

On September 9, 1981, Mrs. Arnold left her husband when he refused to move from the couple's Nantucket marital home.  She took with her their two minor children and lived with them in a house in Nantucket under a lease which was due to expire on September 10, 1982.  She filed a complaint for divorce dated November 18, 1981.  On July 30, 1982, she filed a petition in the Probate Court under G. L. c. 208, § 34B (as amended by St. 1975, c. 400, § 35), asking that Arnold be ordered to vacate the marital home.[1]  The "marital home" on Winn Street, Nantucket, had been conveyed by Mrs. Arnold to herself and her husband "as joint tenants with right of survivorship" by quitclaim deed recorded January 26, 1981.  See G. L. c. 184, § 7, as amended through St. 1979, c. 239, § 1.

The probate judge allowed on September 9, 1982, as of September 15, 1982, the motion to require the husband to vacate.  This was done, after somewhat fragmented, interrupted hearings in August and September, 1982.  The judge found (a) that Mrs. Arnold and the minor children in her "physical care" would have no place to live on a permanent basis as of September 15, 1982, and (b) "that equity demands the best interest of the children be provided for" by the use of the Winn Street property by Mrs. Arnold and the children.  Provisions were incorporated in the order giving Arnold the right (1) to allow tenants to remain in a part of the Winn Street property until the termination of their rental agreements; (2) to "continue . . . the building of the marital home," upon which he had been engaged for some time, provided that he give Mrs. Arnold reasonable notice of his intention to go to the premises; (3) to conduct his contracting business from the Winn Street property "if mutually agreed . . . by the parties," and (4) to be afforded, at Mrs. Arnold's discretion, either

---

[1] Section 34B as thus amended reads in part:  "Any court having jurisdiction of *actions for divorce* . . . may, upon commencement of such action and during the pendency thereof, order the husband . . . to vacate forthwith the marital home *for a period of time not exceeding ninety days, and upon further motion for such additional certain period of time*, as the court deems necessary or appropriate if the court finds, after a hearing, that the health, safety or welfare of the moving party or any minor children residing with the parties would be endangered or substantially impaired by a failure to enter such an order.  The opposing party shall be given at least three days' notice of such hearing . . . .  The court may issue an order to vacate although the opposing party does not reside in the marital home at the time of its issuance, or if the moving party has left such home and has not returned there because of fear for . . . her safety or for that of any minor children" (emphasis supplied).

attic or cellar storage space for his personal effects. Arnold was required to make the mortgage and real estate tax payments on the Winn Street property but was to be relieved of support payments. Arnold appealed from the order.

The provisions of G. L. c. 208, § 34B, have been expanded from the provisions (see § 34B, inserted by St. 1970, c. 472) as they existed at the time of the decision in *Dee* v. *Dee,* 1 Mass. App. Ct. 320, 323 (1973), which involved a situation unlike that here presented in various respects. Section 34B, as it now stands (see note 1, *supra*), although perhaps less restrictive than when first enacted, remains somewhat ambiguous about the extent of its authorization of orders to a spouse to vacate. It is by no means certain that the Legislature has enacted the flexible principles suggested in Inker & Katz, Temporary Vacating Orders During Separate Support and Divorce Proceedings, 18 B.B.J. (No. 4) 33, 36-38 (1974). Cf. Freedman, ABC's of Massachusetts Divorce Practice and Procedure: Revised January 1, 1980, 24 B.B.J. (No. 1) 5, 15 (1980).

There was slender proof (in part by affidavit) before the probate judge that an exigency had arisen requiring use of the marital home by the parties' minor children. Nevertheless, because Mrs. Arnold's lease was expiring soon, an order to Arnold to vacate was granted. In terms the order is to be effective "until further order of the court," and was not limited to the period of ninety days mentioned in § 34B. The case thus has not become moot, because of the indefinite term of the order, as well as because the situation is likely to recur in some form. See *Batchelder* v. *Allied Stores Intl., Inc.,* 388 Mass. 83, 86-87 (1983). No indication is given in the order of the necessity of a "further motion" for any "additional certain period."

With her lease due to expire in September, 1982, Mrs. Arnold appears to have been dilatory in seeking new quarters. As the record indicates, the house rental situation in Nantucket is somewhat unusual with a heavy demand for space at high rentals in the summer vacation period and a reluctance of landlords to rent space on a year round basis which will preclude a profitable summer rental.

The probate judge was called upon to grant the order to vacate with not much time to spare before Mrs. Arnold's lease expired on September 15, 1982. We cannot say that his grant of the order, which should have been limited to an initial ninety-day period, was not justified by the conflicting evidence and affidavits before him and probably also by general judicial knowledge of the unusual Nantucket rental situation. See *Nantucket* v. *Beinecke,* 379 Mass. 345, 352 (1979). We think, however, that the Legislature has shown substantial intention that § 34B (wholly apart from other statutory provisions, e.g., c. 208, § 19, or c. 209, § 37) is to govern such orders to a spouse to vacate the marital domicil. The section directs that such orders be granted only when the judge's findings satisfy the statutory criteria set out in § 34B, and the order must be initially limited to a ninety-day period.

It may be that the Legislature will deem appropriate further amendments of § 34B, to make the section a more useful, flexible tool for suitable arrangements during the pendency of divorce and separate support proceedings. We, however, must apply the section as it now reads. We affirm the judge's order of September 9, 1982, so far as it permitted the wife to occupy the house for ninety days, but vacate the order otherwise and remand the case to the Probate and Family Court for further proceedings consistent with this opinion which should include (if Mrs. Arnold desires to remain in the Winn Street house) a motion by her for a new order under § 34B. After any further hearing, it may prove to be helpful (in the event of a further effort to obtain appellate review) if the judge will make brief findings of the facts which lead him to grant or deny relief under § 34B. Of course, such a hearing may have become unnecessary if a divorce nisi has been granted and a division of property has been effected. See G. L. c. 208, § 34. Neither party is to have costs of appeal.

*So ordered.*

*Jerome Louis Aaron* for Richard S. Arnold.
*Kevin F. Dale* for Sharon J. Arnold.