COMMONWEALTH vs. RAYMOND E. BLESSING.

No. 95-P-1651.

Middlesex. April 18, 1997. - August 28, 1997.

Present: PERRETTA, GILLERMAN, & KASS, JJ.

*Protective Order. Probate Court, Divorce.*

A Probate Court judge was without authority to issue a "permanent" protective order pursuant to G. L. c. 208, § 34B, on a motion to modify visitation rights three years after the judgment of divorce nisi, inasmuch as there was no divorce action pending; further, even if the order had been initially valid, it would have expired after ninety days unless extended after a hearing: a defendant tried on complaints for violations of the order allegedly occurring one and one-half years after the order issued was entitled to required findings of not guilty for those reasons. [448-450]

COMPLAINTS received and sworn to in the Concord Division of the District Court Department on May 31, 1994.

The cases were heard by *Mark S. Coven*, J.

*Garland A. Davis, Jr.*, for the defendant.

*Agnes Colon*, Assistant District Attorney, for the Commonwealth.

GILLERMAN, J. The defendant was convicted of violating a protective order issued pursuant to G. L. c. 208, § 34B (three counts). On appeal, he alleges that the trial judge erred in denying his motion for a required finding of not guilty. We reverse.

We recite the pertinent facts in the light most favorable to the Commonwealth. See *Commonwealth* v. *Hilton*, 398 Mass. 63, 64-65 (1986).

The defendant and complainant had been husband and wife. A judgment of divorce nisi was entered on September 15, 1989. That judgment subsequently was modified on September 11, 1992. The modification dealt exclusively with the circumstances under which the defendant would be allowed to visit with his

minor children, all of whom were in the sole legal custody of the complainant.

At the same time as the judge modified the divorce judgment, he purported to issue a protective order pursuant to G. L. c. 208, § 34B.[1] The order provided, inter alia, that the defendant was not to enter the victim's residence. No expiration date was inserted on the form, leaving the following printed language in effect: "If no expiration date is entered the order is PERMANENT" (capitalization in original).

Approximately one and one-half years later, the defendant entered upon the complainant's property three times over a two and one-half week period to talk with his children. While he did not attempt to enter the complainant's house on any of these occasions, the defendant conceded at trial that if the protective order were valid, he had violated its provisions. However, the defendant argued that the order was unlawfully issued, and in any event, had expired at the time of the alleged violations. The trial judge rejected both of these arguments.

The question for review, as framed by the parties, is whether the judge's order was properly issued and was unexpired at the times of the putative violations.

*Validity of order.* General Laws c. 208, § 34B, permits a judge of the Probate Court, after a hearing and findings as required by the statute, to issue a protective order "during the pendency" of an action "for divorce, or for nullity of marriage or of separate support or maintenance" requiring a "husband or wife to vacate forthwith the marital home for a period of time *not exceeding ninety days*" (emphasis added). If the order is to be extended there must be an additional hearing and findings by the judge, and, if appropriate, an extension to the order, but only for a "*certain* period of time" (emphasis added).

The plain meaning of the statute permits a judge, before the entry of a judgment between the parties to a divorce, annul-

---

[1]The Commonwealth contends that the § 34B order was issued pursuant to an action for support and maintenance. Given the facts just recited, the Commonwealth's assertion appears not to be accurate. But the issue is of no consequence because § 34B applies equally to actions for divorce and those for support and maintenance, and we are not referred to anything in the record appendix or the supplemental record appendix which establishes any *pending* action for divorce or separate support.

ment, or separate support action, to make an interim and temporary decision as to who shall reside in the marital home.[2]

We have previously discussed the § 34B framework in *Arnold* v. *Arnold*, 16 Mass. App. Ct. 951, 952-953 (1983). There, in deciding whether a particular protective order had been properly issued, we observed that "the Legislature has shown substantial intention that § 34B (wholly apart from other statutory provisions, e.g., c. 208, [§ 18], or c. 209, § 37) is to govern . . . orders to a *spouse* to vacate the *marital domicile* [before entry of a divorce decree]. The section directs that such orders be granted only when the judge's findings satisfy the statutory criteria set out in § 34B, *and the order must be initially limited to a ninety-day period*" (emphasis added). *Id.* at 952. We also suggested that the statute may not be applicable when, as here, there has been a divorce judgment and a division of property. *Id.* at 953. See *Dee* v. *Dee*, 1 Mass. App. Ct. 320, 323 (1973) ("nothing in the language or in the legislative history of [G. L. c. 208, § 34B] suggests that it was intended to permit anything other than an interim order of sixty[3] days' total duration entered in advance of a hearing on the merits of a libel [complaint] for divorce").

Here, there was no basis for a § 34B order because there was no divorce action pending. Even were the order effective when signed, it could not have been valid at the time of the alleged violations. Protective orders issued pursuant to G. L. c. 208, § 34B, are effective only for an initial period of ninety days. See *Arnold* v. *Arnold*, 16 Mass. App. Ct. at 952-953. See also *Dee* v. *Dee*, 1 Mass. App. Ct. at 322-323. To extend an order beyond that term, a second hearing is required. G. L. c. 208, § 34B ("and upon further motion for such additional periods of time"). Nowhere in the record is there any evidence of such a hearing. The order, even if initially valid, would have expired on or about December 9, 1992 — long before the first of the alleged violations on May 17, 1994. The fact that the order purported to be permanent does not alter this conclusion.

---

[2]Similarly, G. L. c. 208, § 18, authorizing temporary orders which prohibit restraints on the personal liberty of a spouse, is limited to pending actions for divorce.

[3]The statute subsequently was amended to extend the maximum term to ninety days.

The defendant's motion for a required finding was improperly denied. The judgments are reversed, and the findings are set aside.

*So ordered.*