### HECTOR J. CHAMPAGNE *vs.* SUSAN N. CHAMPAGNE.

Suffolk. March 4, 1999. - April 9, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Abuse Prevention. Protective Order. Statute,* Construction. *Probate Court,* Divorce. *Public Policy.*

General Laws c. 208, § 18, empowers judges in the Probate and Family Court to issue permanent protective orders and to incorporate them into judgments of divorce nisi. [326-328]

COMPLAINT for divorce filed in the Suffolk Division of the Probate and Family Court Department on March 26, 1997.

The case was heard by *Jeremy A. Stahlin,* J., and questions of law were reported to the Appeals Court by him. The Supreme Judicial Court granted a request for direct review.

*Pauline Quirion* for Susan Champagne.

The following submitted briefs for amici curiae.

*Toni G. Wolfman, Claire Laporte, Tracey E. Spruce, & Katherine M. Hamill* for The Domestic Violence Council, Inc., & others.

*Fern L. Frolin* for Boston Bar Association.

*Eileen A. Cenci,* Assistant Attorney General, for the Attorney General.

*Sean M. Dunphy,* Chief Justice, for Massachusetts Probate & Family Court.

*Anne L. Berger, Philip J. Byers, & George S. Silverman* for American Academy of Matrimonial Lawyers, Massachusetts Chapter.

IRELAND, J. A judge in the Probate and Family Court reported several questions to the Appeals Court, pursuant to G. L. c. 215, § 13, asking whether the Probate Court has the authority under G. L. c. 208, § 18, to issue a permanent protective order and incorporate it into a final judgment of divorce nisi. We granted the defendant's application for direct appellate review. We

conclude that G. L. c. 208, § 18, empowers the Probate and Family Court to issue permanent protective orders and incorporate them into judgments of divorce nisi.[1]

1. *Facts.* The facts in this case are undisputed. The plaintiff, Hector J. Champagne, filed a complaint for divorce in the Suffolk County Probate and Family Court on March 26, 1997. The defendant, Susan N. Champagne, timely answered and filed a counterclaim requesting a permanent protective order against the plaintiff. On December 30, 1997, the Probate Court issued a temporary protective order against the plaintiff under G. L. c. 209A. The protective order was extended twice after hearings in January and March, 1998.

On July 15, 1998, the parties signed a separation agreement providing for the custody of their children, visitation, child support, division of property, and debt payments, all of which they requested be merged into the divorce judgment. This agreement also contained a provision that the judge enter a domestic relations protective order, which shall be "permanent," "until further order of this Court," to restrain the plaintiff from abusing the defendant.

On that same day, the parties appeared before the Probate Court for a pretrial hearing, and the judge allowed the motion for the permanent protective order. The parties stipulated that entering a permanent protective order would be to their mutual benefit. On July 16, 1998, the judge entered a judgment of divorce nisi which merged with and incorporated the parties' separation agreement, including the permanent domestic relations protective order.

---

[1]The questions reported by the Probate Court judge are (1) at a hearing or divorce trial, if there is an agreement or sufficient evidence to issue a protective order under G. L. c. 208, § 18, may the judge issue a protective order under the statute when he issues the judgment of divorce nisi; (2) if so, may the judge incorporate the protective order into the judgment of divorce nisi; (3) if so, may the judge make further orders to protect the party or the party's children; (4) and if the answers to the foregoing questions are, "Yes," and the protective order contains a warning that violation is a criminal offense, may it be enforced under G. L. c. 209A, § 7? Because the questions address the statutory interpretation of G. L. c. 208, § 18, we do not specifically answer each question, but, rather, we address the general statutory interpretation.

The report is not properly before this court because the judge reported the questions after the entry of an appealable judgment, see G. L. c. 215, § 13, and neither party appealed from the judgment nor was aggrieved by the decision. We nonetheless answer the questions presented because of the compelling policy issues that are raised.

2. *Discussion.* General Laws c. 208, § 18, reads as follows: "The probate court in which the action for divorce is pending may, upon petition of the wife, prohibit the husband, or upon petition of the husband, prohibit the wife from imposing any restraint upon her or his personal liberty during the pendency of the action for divorce. Upon petition of the husband or wife or the guardian of either, the court may make such further order as it deems necessary to protect either party or their children, to preserve the peace or to carry out the purposes of this section relative to restraint on personal liberty."

We must interpret G. L. c. 208, § 18, "according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *O'Brien* v. *Director of the Div. of Employment Sec.*, 393 Mass. 482, 487-488 (1994), quoting *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass. 360, 364 (1975).

Section 18 is one of several statutes that provide abuse prevention remedies, such as protective orders, to parties in the Probate Court. For instance, the Probate Court may issue a domestic relations protective order during the pendency of a divorce proceeding to prohibit a party "from imposing any restraint upon . . . personal liberty during the pendency of the action for divorce." G. L. c. 208, § 18. Protective orders may also be issued during a pending divorce to order a spouse to vacate the marital home, G. L. c. 208, § 34B, and for temporary relief from actual abuse or immediate threats of physical harm. See G. L. c. 209A, §§ 1 & 3.

While the first sentence of § 18, by its plain meaning, provides that protective orders may be granted during the pendency of a divorce proceeding, the second sentence of § 18 also permits the court, on petition by any party, to make such further order as it deems necessary to protect either party or their children, "to preserve the peace or to carry out the purposes of this section relative to restraint on personal liberty." G. L. c. 208, § 18. Both G. L. c. 208, § 34B, and G. L. c. 209A, by contrast, have express time limits for protective orders of ninety days and one year, respectively. Due to the absence of language in the second sentence of § 18 imposing time limits on orders, we infer that § 18 orders may be issued on a

permanent basis within the court's discretion. Nothing in the legislative history of G. L. c. 208, § 18, indicates a legislative intent to restrict judicial discretion to grant orders in divorce proceedings for unlimited periods of time.

The court's statutory authority, derived from the myriad abuse prevention statutes, supports the Commonwealth's public policy against domestic abuse — preservation of the fundamental human right to be protected from the devastating impact of family violence. See *Custody of Vaughn*, 422 Mass. 590, 595 (1996). The State has a compelling interest in shielding children from domestic violence. See *Opinion of the Justices*, 427 Mass. 1201, 1208 (1998). The judiciary has specifically embraced the Legislature's goal in enacting the abuse prevention statutes. See Commentary to § 12:10 of the Guidelines for Judicial Practice: Abuse Prevention Proceedings (June, 1997).

Recognizing the Probate and Family Court's authority to issue protective orders equally to all parties properly before it helps to ensure uniformity in treatment of litigants and the development of a consistent body of law. *Zullo v. Goguen*, 423 Mass. 679, 682 (1996), quoting *Department of Revenue* v. *Jarvenpaa*, 404 Mass. 177, 181 (1989). The Probate and Family Court has the authority to issue or extend permanent protective orders in final judgments to married parties, separated parties, and unmarried parties with children. See G. L. c. 209, § 32; G. L. c. 209A, § 3; G. L. c. 209C, § 15.

Moreover, both the parties and the Probate Court would be inconvenienced unnecessarily if the Probate Court could not issue permanent protective orders under G. L. c. 208, § 18. Although parties may receive c. 209A protective orders to supplement a divorce decree, they must renew these protective orders annually.[2] The Probate Court would also be subject to an increased number of additional hearings for protective orders.

The Appeals Court's decision in *Commonwealth* v. *Blessing*, 43 Mass. App. Ct. 447 (1997), cast doubt on the authority of the Probate and Family Court to issue permanent protective

[2] Annual hearings allow the opportunity for increased contact with the abuser, which may increase the risk of harm to the abused party. No evidence suggests that the risk of harm that necessitated the temporary order during the pendency of the divorce is alleviated on a final judgment. In fact, authorities on domestic violence suggest there is an increased risk of harm on separation or divorce of the parties. See Mahoney, Legal Images of Battered Women: Redefining the Issue of Separation, 90 Mich. L. Rev. 1, 4-6, 71-72 (1991).

orders and incorporate them into divorce judgments pursuant to G. L. c. 208, § 18. The Probate and Family Court in *Blessing* issued a judgment of divorce nisi followed by a modification of support, which included a permanent protective order pursuant to G. L. c. 208, § 34B. See *id.* at 447-448. The Appeals Court concluded that protective orders issued under G. L. c. 208, § 34B, may only be rendered initially for ninety days during the pendency of a divorce action, and the Probate Court must have a second hearing and specify a limited time period for the order before it can be extended further.[3] See *id.* at 449. This ruling denied the Probate and Family Court authority to issue a permanent protective order under § 34B. See *id.* at 448. The Appeals Court noted, in dictum, "[s]imilarly, G. L. c. 208, § 18, authorizing temporary orders which prohibit restraints on the personal liberty of a spouse, is limited to pending actions for divorce." *Id.* at 449 n.2. We conclude that this limitation, discussed solely in a brief footnote, refers to temporary orders only, which are issued pursuant to the first sentence of § 18; it does not, however, apply to protective orders issued under the second sentence of the statute. See G. L. c. 208, § 18. Therefore, the *Blessing* case does not preclude the Probate and Family Court from issuing permanent protective orders pursuant to the second sentence of G. L. c. 208, § 18.

3. *Conclusion.* We conclude that G. L. c. 208, § 18, authorizes the Probate and Family Court to issue permanent protective orders in divorce proceedings and to incorporate them into final judgments of divorce nisi. The second sentence of G. L. c. 208, § 18, which grants broad power to the Probate and Family Court without explicit time limits, indicates that such action is within the court's powers and is consistent with the policy surrounding abuse prevention statutes.

*So ordered.*

---

[3]Because the defendant in *Commonwealth* v. *Blessing*, 43 Mass. App. Ct. 447 (1997), was not afforded a second hearing after ninety days to extend the order, nor was a certain length of time specified for the order's applicability, the Appeals Court held that the § 34B protective order, even if it had been granted during the pendency of the divorce, was invalid, and, therefore, it reversed the defendant's convictions of violating a protective order.