NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12202


COMMONWEALTH  vs.  RICHARD R. SANBORN.



Worcester.      January 6, 2017. - June 29, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, Budd, &
Cypher, JJ.



Abuse Prevention.  Constitutional Law, Investigatory stop.  Due
    Process of Law, Abuse prevention.  Practice, Civil,
    Service.  Threshold Police Inquiry.




    Complaint received and sworn to in the Fitchburg Division
of the District Court Department on May 18, 2015.

    A pretrial motion to suppress evidence was heard by
Christopher P. LoConto, J., and a question of law was reported
by him to the Appeals Court.

    The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


    Ellyn H. Lazar-Moore, Assistant District Attorney, for the
Commonwealth.
    Merritt Schnipper (Robert M. Cassesso, Jr., also present)
for the defendant.


    LOWY, J.  The question before us was reported by a judge in

the District Court:  "Whether G. L. c. 209A authorizes the

police to effectuate a motor vehicle stop to serve a civil abuse prevention order?" We answer the question in the negative. We conclude that G. L. c. 209A requires law enforcement to take reasonable measures to serve abuse prevention orders. In order for the service of the orders to be reasonable, the manner of service must comply with the terms of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights.

Background. At a hearing regarding a motion to suppress evidence obtained during a motor vehicle stop, the motion judge found the following facts. On May 16, 2015, a Lunenberg police sergeant was parked outside a local bar. In the course of randomly checking the registration status and owner information of vehicles parked outside the bar, he inquired about a license plate number registered to Richard Sanborn, the defendant. The sergeant recalled that a civil abuse restraining order issued pursuant to G. L. c. 209A had not yet been served on the defendant. Another officer from the Lunenberg police department delivered the restraining order to the sergeant. Subsequently the defendant left the bar, entered his vehicle, and drove away.[1]

---

[1] At oral argument, the Commonwealth argued that the sergeant was across the street from the bar to receive delivery of the restraining order when he saw the defendant driving away from the bar. The sergeant testified that he was not sure when he received the order but that, as he drove across the street to meet the officer bringing the restraining order, the sergeant

The sergeant followed the defendant and eventually stopped his vehicle. Based on the sergeant's observations of the defendant after the stop, the defendant was placed under arrest for operating while under the influence of liquor.

The defendant moved to suppress evidence relating to, and discovered as a result of, the stop, arguing that his Fourth Amendment and art. 14 rights had been violated. At the hearing on the defendant's motion, the sergeant testified that he stopped the defendant after observing multiple lane violations. The motion judge discredited that testimony, however, and found that the purpose of the stop was to serve the abuse prevention order. The judge granted the defendant's motion and reported the question above to the Appeals Court pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004). We transferred the case to this court on our own motion.

Discussion. General Laws c. 209A serves a critical government interest in the "[p]reservation of the fundamental human right to be protected from the devastating impact of family violence." Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 772-773 (2005), quoting Champagne v. Champagne, 429 Mass. 324,

---

observed the defendant driving out of the bar's parking lot. However, the judge's findings reflect that the sergeant received the order and that the defendant left "[s]ubsequently." See Commonwealth v. Catanzaro, 441 Mass. 46, 50 (2004) (absent clear error, appellate court accepts factual findings of judge ruling on motion to suppress). Resolution of this potential factual discrepancy is not material to our holding in this case.

327 (1999). Accordingly, G. L. c. 209A, § 7, requires law enforcement officers to "use every reasonable means to enforce . . . abuse prevention orders." Reasonable means to enforce abuse prevention orders logically include law enforcement officers' ability to utilize reasonable means to serve them. We therefore interpret G. L. c. 209A, § 7, to require law enforcement to use "every reasonable means" to serve abuse prevention orders. In order for a stop to constitute reasonable means, however, the stop must comply with the requirements of the Fourth Amendment and art. 14. See Commonwealth v. Rodriguez, 472 Mass. 767, 773 (2015) ("police stop of a moving automobile constitutes a seizure, and therefore, any such stop, whatever its purpose, must comply with the Fourth Amendment . . . and with art. 14").

A search or seizure conducted without a warrant is presumptively unreasonable. Brigham City v. Stuart, 547 U.S. 398, 403 (2006). See Rodriguez, 472 Mass. at 773-774. Warrantless seizures may be reasonable, however, if the circumstances of the search fall within an established exception to the warrant requirement.[2] See, e.g., Commonwealth v. Peters,

_____

[2] The Commonwealth does not argue that the facts of this case fit within any of the established exceptions to the warrant requirement. Relying on Commonwealth v. Rodriguez, 472 Mass. 767, 776 (2015), the Commonwealth contends that we should balance the intrusion into the defendant's privacy against the governmental interest in preventing domestic abuse and resolve

453 Mass. 818, 823 (2009) (warrantless home entry justified based on objectively reasonable belief in emergency); Commonwealth v. Motta, 424 Mass. 117, 123-124 (1997) (law enforcement may stop motor vehicle in public place when law enforcement has probable cause that vehicle contains contraband); Commonwealth v. Bacon, 381 Mass. 642, 643-644 (1980) (motor vehicle stop reasonable where police have reasonable, articulable suspicion of crime or of civil traffic violation). Cf. Rodriguez, supra at 777-778 (motor vehicle stop unreasonable when based on reasonable suspicion of civil violation unrelated to traffic violation).

We may not read G. L. c. 209A to circumvent the constitutional protections of the Fourth Amendment and art. 14. As such, c. 209A cannot authorize a stop in the absence of a constitutional justification, such as a warrant, reasonable suspicion of criminal activity or a civil traffic violation, or a reasonable belief that emergency intervention is required.[3]

---

the balance in favor of the governmental interest. In Rodriguez, however, we invoked this balancing test based on the existence of a reasonable, articulable suspicion that the defendant was engaged in illegal, albeit noncriminal, activity. Id. Based on the facts found by the judge in this case, there was no reasonable suspicion of criminal or civil wrongdoing at the time of the stop.

[3] We agree with the concurrence that, given the nature and importance of abuse prevention orders under G. L. c. 209A and the lesser expectation of privacy in motor vehicles, California v. Carney, 471 U.S. 386, 392-393 (1985), effecting a motor

Ultimately, whether a stop to serve a c. 209A order is a reasonable measure to avert the harm from an emergency depends on an objective assessment of the necessity of doing so, in light of all facts known to law enforcement at the time.  See Commonwealth v. Meneus, 476 Mass. 231, 235 (2017).  In such circumstances, the justification for the stop stems not from G. L. c. 209A, but from the constitutional exception to the warrant requirement.  When a stop is not constitutionally justified, reasonable means for service would include the mechanisms typically employed for service:  in-person delivery, leaving the order at the defendant's home, or service by mail, as appropriate.  See G. L. c. 276, § 25 (service of criminal summons may be made by in-person delivery, by leaving summons at the defendant's last known address with person of suitable age, or by mail to last known address); Mass. R. Civ. P. 4 (d) (1), as amended, 370 Mass. 918 (1976) (service of civil summons and

_____

vehicle stop to serve an abuse prevention order may be constitutionally justified in some circumstances, such as an emergency or other exception to the Fourth Amendment's warrant requirement.  Because the constitutionality of a stop depends on its reasonableness based on the totality of the circumstances, we limit our holding today due to the absence of facts that have matured through litigation that would allow us to apply the doctrinal framework in a meaningfully helpful manner.

complaint may be made in person, by delivery to defendant's last and usual place of abode, or by delivery to defendant's agent).[4]

Conclusion. The answer to the reported question is "no." We remand the case to the District Court judge for further proceedings consistent with this opinion.

So ordered.

---

[4] Following a motor vehicle operated by a defendant until it stops and the defendant leaves the vehicle would constitute a constitutionally satisfactory method of service.

GANTS, C.J. (concurring, with whom Gaziano and Budd, JJ., join).  I agree with the court's answer of "no" to the reported question to the extent that it declares that G. L. c. 209A does not independently authorize the police to effectuate a motor vehicle stop in order to serve notification of an abuse prevention order.  I also agree that any such stop must comply with the requirements of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights.  Ante at    .  I write separately because I believe that a stop for the purpose of serving an abuse prevention order may be reasonable under the Fourth Amendment and art. 14 where the exigent circumstances fall short of the standard for an "emergency" under the "emergency aid" doctrine.  See Commonwealth v. Peters, 453 Mass. 818, 819 (2009) (police may enter home without warrant "when they have an objectively reasonable basis to believe that there may be someone inside who is injured or in imminent danger of physical harm").

The ultimate touchstone of both the Fourth Amendment and art. 14 is reasonableness.  Commonwealth v. Rodriguez, 472 Mass. 767, 775 (2015).  "[T]o evaluate the permissibility of particular law enforcement practices, including police stops of moving vehicles where there is no probable cause to suspect the vehicle's involvement in criminal activity, courts have balanced the intrusiveness of the police activities at issue against any

legitimate governmental interests that these activities serve."
Id. at 776, citing Delaware v. Prouse, 440 U.S. 648, 654 (1979).
We deem it reasonable for a police officer to open the unlocked
door of a stopped vehicle where the driver fails to respond to
the officer's repeated attempts to attract his or her attention
and the driver appears to be in some kind of difficulty.  See
Commonwealth v. Leonard, 422 Mass. 504, 505, 509, cert. denied,
519 U.S. 877 (1996).  We also deem it reasonable to allow
officers under limited and defined circumstances to stop
vehicles on roadways at fixed location sobriety checkpoints to
ensure that motorists are not under the influence of alcohol or
drugs.  See Commonwealth v. McGeoghegan, 389 Mass. 137, 143-144
(1983).  See also Michigan Dep't of State Police v. Sitz, 496
U.S. 444, 455 (1990) ("the balance of the State's interest in
preventing drunken driving, the extent to which this system can
reasonably be said to advance that interest, and the degree of
intrusion upon individual motorists who are briefly stopped,
weighs in favor of [sobriety checkpoints]").

The need to protect ill, injured, or inebriated drivers,
and to protect the public from them, is comparable to the need
to protect the victims of domestic abuse who have obtained abuse
prevention orders under G. L. c. 209A, § 4, by demonstrating a
"substantial likelihood of immediate danger of abuse."  Domestic
violence is a substantial threat to public safety.  See Custody

of Vaughn, 422 Mass. 590, 595 (1996) ("abuse by a family member inflicted on those who are weaker and less able to defend themselves . . . is a violation of the most basic human right, the most basic condition of civilized society:  the right to live in physical security, free from the fear that brute force will determine the conditions of one's daily life").  Last year, more than twenty domestic violence-related killings occurred in Massachusetts.  See Jane Doe Inc., Overview of Domestic Violence Homicides in Massachusetts Year to Date 2016, http://www.janedoe .org/site/assets/docs/Learn_More/DV_Homicide/2016_YTD_DV_ Homicides-asof_2017_05_16.pdf [https://perma.cc/83KK-94XE].

The issuance of an abuse prevention order matters little if it is not served.  General Laws c. 209A, § 7, recognizes the importance of service by requiring that an abuse prevention order issued be transmitted "forthwith" to the police for service upon the defendant and by requiring that police "promptly" make return of service to the court.  See Commonwealth of Massachusetts Trial Court, Guidelines for Judicial Practice:  Abuse Prevention Proceedings 91-92 (rev. Sept. 2011), http://www.mass.gov/courts/docs/209a/guidelines-2011.pdf [https://perma.cc/M9MV-8ZXZ] ("In-hand service should be obtained if at all possible. . . .  Further abuse will not be deterred if the defendant does not know the order exists

. . . [, and] successful prosecution for violation of an order of which the defendant is unaware is probably impossible").

Service generally can be accomplished by the usual means, without any need to stop the defendant in a motor vehicle. But there are circumstances where service by the usual means proves futile or is plainly going to be futile, such as where the abusive partner has left his or her residence indefinitely, perhaps never to return, without any notice of where he or she can be reached and without any employment address where he or she can be found. Where service through the usual means has proved futile or is demonstrably futile, I would find it reasonable and therefore constitutional to stop the defendant's vehicle in order to serve the order. The circumstances in this case fall well short of meeting that standard.