Lowy, J.
The question before us was reported by a judge in the District Court: “Whether G. L. c. 209A authorizes the police to effectuate a motor vehicle stop to serve a civil abuse prevention order?” We answer the question in the negative. We conclude that G. L. c. 209A requires law enforcement to take reasonable measures to serve abuse prevention orders. In order for the service of the orders to be reasonable, the manner of service must comply with the terms of the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights.
Background. At a hearing regarding a motion to suppress evidence obtained during a motor vehicle stop, the motion judge *394 found the following facts. On May 16, 2015, a Lunenberg police sergeant was parked outside a local bar. In the course of randomly checking the registration status and owner information of vehicles parked outside the bar, he inquired about a license plate number registered to Richard Sanborn, the defendant. The sergeant recalled that a civil abuse restraining order issued pursuant to G. L. c. 209A had not yet been served on the defendant. Another officer from the Lunenberg police department delivered the restraining order to the sergeant. Subsequently the defendant left the bar, entered his vehicle, and drove away.[1] The sergeant followed the defendant and eventually stopped his vehicle. Based on the sergeant’s observations of the defendant after the stop, the defendant was placed under arrest for operating while under the influence of liquor.
The defendant moved to suppress evidence relating to, and discovered as a result of, the stop, arguing that his Fourth Amendment and art. 14 rights had been violated. At the hearing on the defendant’s motion, the sergeant testified that he had stopped the defendant after observing multiple lane violations. The motion judge discredited that testimony, however, and found that the purpose of the stop was to serve the abuse prevention order. The judge granted the defendant’s motion and reported the question above to the Appeals Court pursuant to Mass. R. Crim. P. 34, as amended, 442 Mass. 1501 (2004). We transferred the case to this court on our own motion.
Discussion. General Laws c. 209A serves a critical government interest in the “[p]reservation of the fundamental human right to be protected from the devastating impact of family violence.” Mitchell v. Mitchell, 62 Mass. App. Ct. 769, 772-773 (2005), quoting Champagne v. Champagne, 429 Mass. 324, 327 (1999). Accordingly, G. L. c. 209A, § 7, requires law enforcement officers to “use every reasonable means to enforce . . . abuse prevention *395 orders.” Reasonable means to enforce abuse prevention orders logically include law enforcement officers’ ability to utilize reasonable means to serve them. We therefore interpret G. L. c. 209A, § 7, to require law enforcement to use ‘“every reasonable means” to serve abuse prevention orders. In order for a stop to constitute reasonable means, however, the stop must comply with the requirements of the Fourth Amendment and art. 14. See Commonwealth v. Rodriguez, 472 Mass. 767, 773 (2015) (‘“police stop of a moving automobile constitutes a seizure, and therefore, any such stop, whatever its purpose, must comply with the Fourth Amendment . . . and with art. 14”).
A search or seizure conducted without a warrant is presumptively unreasonable. Brigham City v. Stuart, 547 U.S. 398, 403 (2006). See Rodriguez, 472 Mass. at 773-774. Warrantless seizures may be reasonable, however, if the circumstances of the search fall within an established exception to the warrant requirement.[2] See, e.g., Commonwealth v. Peters, 453 Mass. 818, 823 (2009) (warrantless home entry justified based on objectively reasonable belief in emergency); Commonwealth v. Motta, 424 Mass. 117, 123-124 (1997) (law enforcement may stop motor vehicle in public place when law enforcement has probable cause that vehicle contains contraband); Commonwealth v. Bacon, 381 Mass. 642, 643-644 (1980) (motor vehicle stop reasonable where police have reasonable, articulable suspicion of crime or of civil traffic violation). Cf. Rodriguez, supra at 777-778 (motor vehicle stop unreasonable when based on reasonable suspicion of civil violation unrelated to traffic violation).
We may not read G. L. c. 209A to circumvent the constitutional protections of the Fourth Amendment and art. 14. Therefore, c. 209A cannot authorize a stop in the absence of a constitutional justification, such as a warrant, reasonable suspicion of criminal activity or a civil traffic violation, or a reasonable belief that emer *396 gency intervention is required.[3] Ultimately, whether a stop to serve a c. 209A order is a reasonable measure to avert the harm from an emergency depends on an objective assessment of the necessity of doing so, in light of all facts known to law enforcement at the time. See Commonwealth v. Meneus, 476 Mass. 231, 235 (2017). In such circumstances, the justification for the stop stems not from G. L. c. 209A, but from the constitutional exception to the warrant requirement. When a stop is not constitutionally justified, reasonable means for service would include the mechanisms typically employed for service: in-person delivery, leaving the order at the defendant’s home, or service by mail, as appropriate. See G. L. c. 276, § 25 (service of criminal summons may be made by in-person delivery, by leaving summons at the defendant’s last known address with person of suitable age, or by mail to last known address); Mass. R. Civ. R 4 (d) (1), as amended, 370 Mass. 918 (1976) (service of civil summons and complaint may be made in person, by delivery to defendant’s last and usual place of abode, or by delivery to defendant’s agent).[4]
Conclusion. The answer to the reported question is “no.” We remand the case to the District Court judge for further proceedings consistent with this opinion.

So ordered.

At oral argument, the Commonwealth argued that the sergeant was across the street from the bar to receive delivery of the restraining order when he saw the defendant driving away from the bar. The sergeant testified that he was not sure when he received the order but that, as he drove across the street to meet the officer bringing the restraining order, the sergeant observed the defendant driving out of the bar’s parking lot. However, the judge’s findings reflect that the sergeant received the order and that the defendant left “[subsequently.” See Commonwealth v. Catanzaro, 441 Mass. 46, 50 (2004) (absent clear error, appellate court accepts factual findings of judge ruling on motion to suppress). Resolution of this potential factual discrepancy is not material to our holding in this case.

The Commonwealth does not argue that the facts of this case fit within any of the established exceptions to the warrant requirement. Relying on Commonwealth v. Rodriguez, 472 Mass. 767, 776 (2015), the Commonwealth contends that we should balance the intrusion into the defendant’s privacy against the governmental interest in preventing domestic abuse and resolve the balance in favor of the governmental interest. In Rodriguez, however, we invoked this balancing test based on the existence of a reasonable, articulable suspicion that the defendant was engaged in illegal, albeit noncriminal, activity. Id. Based on the facts found by the judge in this case, there was no reasonable suspicion of criminal or civil wrongdoing at the time of the stop.

We agree with the concurrence that, given the nature and importance of abuse prevention orders under G. L. c. 209A and the lesser expectation of privacy in motor vehicles, California v. Carney, 471 U.S. 386, 392-393 (1985), effecting a motor vehicle stop to serve an abuse prevention order may be constitutionally justified in some circumstances, such as an emergency or other exception to the Fourth Amendment’s warrant requirement. Because the constitutionality of a stop depends on its reasonableness based on the totality of the circumstances, we limit our holding today due to the absence of facts that have matured through litigation that would allow us to apply the doctrinal framework in a meaningfully helpful manner.

Following a motor vehicle operated by a defendant until it stops and the defendant leaves the vehicle would constitute a constitutionally satisfactory method of service.