NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-712

J.C.

vs.

A.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff (wife) in the underlying divorce action filed a motion and supporting affidavit under G. L. c. 208, § 34B, seeking an order directing the defendant (husband) to vacate the marital home. A Probate and Family Court judge issued the requested order on an ex parte basis and then extended it for ninety days following a two-party hearing on May 24, 2022. The husband filed a petition for interlocutory relief under G. L. c. 231, § 118, first par., which a single justice of this court denied on June 16, 2022. The next day, the husband returned to the Probate and Family Court and filed a notice of appeal under G. L. c. 231, § 118, second par., from the judge's order. That appeal is now before us. We affirm.[1]

_____

[1] Although the May 24, 2022, order has expired, we agree with the husband that the appeal is not moot because of the likelihood

A judge in a divorce proceeding has the authority to order a party to vacate the marital home for ninety days, which can be extended, if the judge "finds, after a hearing, that the health, safety or welfare of the moving party or any minor children residing with the parties would be endangered or substantially impaired by a failure to enter such an order." G. L. c. 208, § 34B. Here, the judge found that the husband was discussing the divorce proceeding with the parties' minor child, who was only six years old at the time of the hearing, and blaming the situation on the wife. The judge concluded that "the environment that that creates in [the] household" posed a threat

that the order will continue to be extended while the divorce action is pending. See Arnold v. Arnold, 16 Mass. App. Ct. 951, 952 (1983). The wife does not argue otherwise. We also reach the merits of the appeal notwithstanding the single justice's denial of the husband's petition under the first paragraph of G. L. c. 231, § 118. While the wife is correct that the husband has no right of appeal from the action of the single justice, the husband has appealed directly from the Probate and Family Court judge's order under the second paragraph of G. L. c. 231, § 118, which "provid[es] 'full court review as of right' of the power which a judge necessarily exercises when entering an order injunctive in nature." Nabhan v. Selectmen of Salisbury, 12 Mass. App. Ct. 264, 269 (1981), quoting Packaging Indus. Group Inc. v. Cheney, 380 Mass. 609, 615 (1980). See Ashford v. Massachusetts Bay Transp. Auth., 421 Mass. 563, 567-568 (1995) ("Although the first and second paragraphs of G. L. c. 231, § 118, offer distinct avenues of relief, a party taking an appeal from the denial of a request for injunctive relief pursuant to the second paragraph also may seek temporary relief, available at the discretion of the single justice, pursuant to the first paragraph" [citation omitted]). Thus, despite the wife's request to dismiss the appeal, we will reach the merits, as the husband has not yet obtained full court review of the judge's order.

to the health, safety, and welfare of both the wife and the child.  This was within the judge's discretion, especially in light of the already contentious nature of the divorce proceeding.  See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (abuse of discretion occurs only where judge makes "clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" [quotation and citation omitted]).  Although the husband claims that the wife fabricated her allegations, the judge expressly found the wife's version of events credible and the husband's version not credible, and we will not disturb those credibility determinations on appeal.  See Corrado v. Hedrick, 65 Mass. App. Ct. 477, 484 (2006).

To the extent the husband argues that the order was unjustified because there was no evidence that he physically threatened the wife, no such evidence was required.  Under G. L. c. 208, § 34B, a judge has broad discretion to determine whether a temporary order precluding cohabitation during the pendency of a divorce action is necessary to protect the "health, safety or welfare" of a party or minor child.  The judge here was within her discretion to enter an order to protect, at a minimum, the welfare of the child, based on her finding that the husband was making inappropriate comments to the child about the wife and the pending divorce.  See Arnold v. Arnold, 16 Mass. App. Ct.

951, 952 (1983) (judge could enter order under § 34B to ensure wife and minor children in her care had access to housing).

We also disagree with the husband's contention that the judge deprived him of a meaningful opportunity to be heard by prematurely terminating the hearing. When the husband stated that he was contesting the wife's allegations, the judge allotted him fifteen minutes to make his presentation. The husband then proceeded to testify and offer evidence. The judge terminated the hearing only after it became clear that the husband was seeking to introduce evidence of the wife's alleged infidelity and "photographs . . . of abortion pills" allegedly prescribed to her -- matters that were not relevant to the wife's motion. Thus, unlike in Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022), the judge did not prevent the defendant from testifying or deprive him of a meaningful opportunity to present his case, as the right to be heard extends only to "the material and determinative allegations at the core of a party's claim or defense."

Finally, there is no merit to the husband's claim that the judge was biased against him because of his gender. Putting aside that the husband failed to raise this issue to the judge,

4

see <u>Adoption of Norbert</u>, 83 Mass. App. Ct. 542, 545 (2013), the record contains no support for his claim.[2,3]

<u>Order dated May 24, 2022,
   affirmed</u>.

By the Court (Green, C.J.,
   Shin & Hershfang, JJ.[4]),

Clerk

Entered:  May 2, 2023.

---

[2] To the extent we have not specifically addressed any of the husband's arguments, we have considered them and see no basis on which to overturn the judge's decision.
[3] The wife's request for appellate attorney's fees is denied.
[4] The panelists are listed in order of seniority.