NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-75

L.L.-M.

vs.

E.L.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, E.L. (husband), appeals from the denial of a motion to dismiss an abuse prevention order issued by a judge of the Northampton District Court pursuant to G. L. c. 209A (209A order). We affirm.

On June 2, 2023, the husband filed a petition for marriage separation against his wife in the Kitsap County Superior Court of Washington State (Washington Court). The wife moved to Massachusetts with their child, L.L.-M., and on July 14, 2023, the wife obtained an ex parte 209A order against the husband from the Greenfield District Court (Greenfield Order). The Greenfield Order awarded custody of the child to the wife and prohibited the husband from contacting the child. The

Greenfield Order was extended for one year following a two-party hearing. After another hearing one year later, with both parties appearing on July 30, 2024, a judge of the Greenfield District Court, through an endorsement order, allowed the husband's motion to decline jurisdiction over child custody issues (including contact and visitation).

That same day, the wife, on behalf of the child, obtained an ex parte 209A order against the husband in the Northampton District Court (Northampton Order). The Northampton Order prohibited the husband from abusing or contacting the child and required him to stay away from the child. Viewing this second 209A order as an end run around the judge declining jurisdiction in the Greenfield District Court, the husband promptly filed a motion to dismiss the Northampton Order on August 19, 2024. In that motion, the husband raised three claims: (1) res judicata precluded the Northampton Order; (2) judicial estoppel barred the wife from taking a position in the Northampton proceedings; and (3) the Federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, conferred jurisdiction on the Washington Court. Following a hearing, a judge denied the husband's motion to dismiss the Northampton Order on September 26, 2024, and he now appeals.

As an initial matter, during oral argument the husband reported that the temporary Northampton Order has expired, there is no existing controversy between Massachusetts and Washington courts, and the Washington Court case is proceeding. He conceded this case is moot as to the parties but contends that we should decide the merits to avoid "fast and loose" tactics in the future. To the extent that the husband challenges the lawfulness of the Northampton Order, see Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998), we address the merits of the claims.

We discern no bar to the Northampton District Court exercising jurisdiction in the circumstances presented. Through G. L. c. 209A (chapter 209A), the Legislature granted the District Court the power to hear cases in which a person seeks protection from alleged abuse by a family or household member. See G. L. c. 209A, §§ 1-3. This statutory authority "supports the Commonwealth's public policy against domestic abuse -- preservation of the fundamental human right to be protected from the devastating impact of family violence." Champagne v. Champagne, 429 Mass. 324, 327 (1999). The procedure under chapter 209A "is intended to be expeditious and as comfortable as it reasonably can be for a lay person to pursue." Frizado v. Frizado, 420 Mass. 592, 598 (1995). We read nothing in chapter

3

209A that requires a judge to turn away a person seeking court protection merely because a divorce proceeding, with potential custody implications, is pending in a sister State. See Caplan v. Donovan, 450 Mass. 463, 470 (2008) (courts must "be able to provide protection to those within its borders"). Indeed, chapter 209A contemplates the possibility that a protective order may issue despite other courts having jurisdiction over the parties' relationships. See, e.g., G. L. c. 209A, § 3 ("party filing a complaint under this chapter shall be required to disclose any prior or pending actions involving the parties for divorce, annulment, paternity, custody or support, guardianship, separate support or legal separation, or abuse prevention"). Contrary to the husband's suggestion at oral argument, a victim of abuse is not required "to return to the State in which the abuse occurred in order to obtain an effective abuse prevention order." Caplan, 450 Mass. at 469. The Federal Parental Kidnapping Protection Act does not dictate a different result because that statute also contemplates temporary protective orders such as those issued here. See 28 U.S.C. § 1738A(c)(2)(C)(ii) (court may issue order where "it is necessary in an emergency to protect the child . . . subjected to or threatened with mistreatment or abuse").

We disagree with the husband's contention that by declining jurisdiction on custody issues the Greenfield judge precluded the Northampton judge from issuing a subsequent protective order. The two protective orders at issue arose from allegations of abuse involving two different victims -- the wife in the case of the Greenfield Order and the child in the case of the Northampton Order. Without delving into the details underlying the Northampton Order, the wife, on behalf of the child, alleged that the father abused the child. Thus, the factual differences underlying the Greenfield Order and the Northampton Order render the principles of res judicata and collateral estoppel inapplicable because the child did not have a "full and fair opportunity to litigate the issue in the first action" (citation omitted). Martin v. Ring, 401 Mass. 59, 62 (1987). For similar reasons, we reject the husband's judicial estoppel arguments. We do not view the wife's arguments in the

Washington Court as binding on the child seeking protection in a Massachusetts court.

Order denying motion to
  dismiss affirmed.

By the Court (Hand, Hodgens &
  Tan, JJ.[1]),

Clerk

Entered:  December 2, 2025.

---

[1] The panelists are listed in order of seniority.