NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-132

WELLS FARGO BANK, N.A., trustee,[1]

vs.

MARGALY PHILIPPE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Wells Fargo Bank, N.A., as trustees for Option One Mortgage Loan Trust 2007-FXD1 (Wells Fargo), filed a complaint in the Superior Court alleging that the defendant, Margaly Philippe, with two other defendants,[2] committed trespass and conversion and was unjustly enriched by her refusal to vacate a residence (the property) owned by the plaintiff. A judge of the Superior Court granted the plaintiff's motion for judgment on the pleadings and dismissed defendant's counterclaims. The defendant appeals. We affirm.

---

[1] For Option One Mortgage Loan Trust 2007-FXD1.

[2] The other two defendants have not appealed from the judgment below and are not parties to this appeal.

The parties are familiar with the facts and extensive procedural history in this case, and we do not repeat that information here.

Discussion. 1. Motion for judgment on the pleadings. We review a motion for judgment on the pleadings de novo under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974). See Luu v. Fallon Service, Inc., 105 Mass. App. Ct. 236, 239 (2025). A judgment on the pleadings in favor of the plaintiff is proper where there are no material facts in dispute and the answer lacks legally sufficient affirmative defenses. See Rabinowitz v. Schenkam, 103 Mass. App. Ct. 538, 540 (2023). "For the purposes of a rule 12(c) motion, all of the well-pleaded factual allegations of the nonmoving party are assumed to be true." Champa v. Weston Pub. Schs., 473 Mass. 86, 90 (2015).

In allowing the motion for judgment on the pleadings, the judge found that the defendant did not deny the factual allegations in the complaint; "rather [the defendant] dispute[s] the legal effect and validity of those events." We agree with this characterization of the defendant's denials. "[W]e do not regard as true legal conclusions cast in the form of factual allegations" (quotation and citation omitted). Polay v. McMahon, 468 Mass. 379, 382 (2014). Because we are not required to accept the legal conclusions as true, the judge correctly determined that there were no factual allegations in dispute.

2

Count one alleged that the defendant trespassed on the property. "[T]respass is an invasion of the plaintiff's interest in the exclusive possession of his land . . . ." Amaral v. Cuppels, 64 Mass. App. Ct. 85, 91 (2005), quoting Prosser & Keeton, Torts § 87, at 622 (5th ed. 1984). "[P]ossession does not require that the plaintiff physically occupy the property at the time of the alleged trespass." Dilbert v. Hanover Ins. Co., 63 Mass. App. Ct. 327, 334 (2005). Prior Housing Court judgments found that Wells Fargo held legal title to the property with a right to possession, and granted Wells Fargo an order of execution, pursuant to which the defendant was lawfully evicted. See Wells Fargo, Bank, N.A. v. Philippe, 98 Mass. App. Ct. 1117 (2020) (unpublished decision). The judge properly determined that by entering onto and remaining on the property after that point, the defendant committed a trespass.

Count two sought a declaratory judgment that the defendant had no right to enter the property or, remain there, and that she must vacate immediately. "A court may rule on a motion for judgment on the pleadings seeking declarations of the parties' rights if the answer admits all material allegations in the complaint such that there are no material issues of fact remaining to be determined." Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013). As stated, pursuant to prior

3

Housing Court judgments, Wells Fargo was granted possession and the defendant was lawfully evicted from the property. With no material issues of fact remaining, the judge properly entered a declaratory judgment on count two.

Count three alleged that the defendant was unjustly enriched by her illegal occupation of the property. Unjust enrichment is the "retention of money or property of another against the fundamental principles of justice or equity and good conscience" (citation omitted). Santagate v. Tower, 64 Mass. App. Ct. 324, 329 (2005). The defendant unlawfully reentered and occupied the property without legal title, depriving Wells Fargo of its ability to use, rent, or sell the property. The judge correctly determined that the defendant was unjustly enriched.

Moreover, the judge properly concluded that the defendant's ninety-four affirmative defenses were barred by res judicata. Also known as claim preclusion, res judicata "makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action" (citation omitted). Brookline v. Alston, 487 Mass. 278, 297 (2021). The ninety-four affirmative defenses asserted by the defendant claim that:

> "the loan and mortgage were predatory, fraudulent, and unenforceable; the foreclosure was conducted illegally and Wells Fargo's purchase of the Property at auction was

4

> invalid; Wells Fargo lacked proper title to the Property and lacked standing to commence a summary process action; the Housing Court judgments for possession are invalid; and Wells Fargo has acted inequitably in dealing with the defendants."

These issues were all fully litigated and decided in a prior action. Accordingly, they are barred by claim preclusion.

2. <u>Motion to dismiss amended counterclaims</u>. "We review the allowance of a motion to dismiss de novo" (citation omitted). <u>FBT Everett Realty, LLC</u> v. <u>Massachusetts Gaming Comm'n</u>, 489 Mass. 702, 718 (2022). "Accepting the facts alleged in the complaint as true, we inquire whether the factual allegations are sufficient, as a matter of law, to . . . plausibly suggest an entitlement to relief" (quotation and citation omitted). <u>Id</u>. All but one of the defendant's ninety counterclaims are improper collateral attacks on the final judgments of the prior actions. See <u>Tompkins</u> v. <u>Tompkins</u>, 65 Mass. App. Ct. 487, 493 (2006) (once final judgment has entered in civil action, parties' rights are limited to timely appeal or other direct challenge). See also <u>Pavlik</u> v. <u>Dmytryck</u>, 6 Mass. App. Ct. 915, 916 (1978) (party cannot collaterally attack judgment of one court by commencing action in another court). The remaining counterclaim merely alleges legal conclusions that we need not accept as true. <u>Polay</u>, 468 Mass. at 382. Additionally, there are no allegations that suggest a violation of the statute governing eviction. As such, the judge correctly

5

determined that the defendant failed to state a claim and dismissal was proper. See <u>FBT Everett Realty, LLC</u>, 489 Mass. at 718.[3]

> <u>Judgment affirmed</u>.
>
> By the Court (Desmond, Tan & Wood, JJ.[4]),
>
> Clerk

Entered: May 4, 2026.

---

[3] To the extent that we do not discuss other arguments made by the defendant, they have not been overlooked. "We find nothing in them that requires discussion." <u>Commonwealth</u> v. <u>Domanski</u>, 332 Mass. 66, 78 (1954).

[4] The panelists are listed in order of seniority.